LAFAYETTE BOLDEN *et al.* '

*v.*

JAMES D. SHERMAN.

*Filed at Ottawa January 18, 1882.*

1. LIMITATION—*possession to defeat legal title.* Adverse possession sufficient to defeat the legal title must be hostile in its character, and continue uninterruptedly for twenty years.

2. SAME—*under the act of 1835.* To make seven years possession by actual residence a bar to the recovery of land, under the Limitation act of 1835, the party must show that during such possession he had a connected title, in law or equity, deducible of record from this State or the United States.

3. SAME—*under act of 1839—payment of taxes.* Where the record shows that both parties in an action of ejectment have paid the taxes on the land in suit for seven years prior to the suit, without showing which paid first, a defence is not made out under the Limitation law of 1839. The burden of proof is upon the defendant setting up the statute, to show that he paid such taxes before the plaintiff. The party paying first in any year is the one who has paid the taxes of that year.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. CHARLES H. WOOD, for the appellants:

A constructive adverse possession will extend over the whole of the tract included in the color of title, though only part be actually occupied. *Hinchman* v. *Whetstone,* 25 Ill. 185; *Jackson* v. *Camp,* 1 Cow. 605; *Munro* v. *Merchant,* 28 N. Y. 9.

When owners of adjoining lands build a fence between them upon the assumed boundary line, and each holds and occupies up to it on his side, claiming it as the true line, their possession is adverse, and will ripen into a valid title. *Burrell* v. *Burrell,* 11 Mass. 297; *Stuyvesant* v. *Tompkins,* 9 Johns. 62; *Jones* v. *Smith,* 64 N. Y. 180.

Again, I claim that the appellant Stevens has shown a connected title in law, deducible of record, to the premises in

controversy, with actual possession for 19 years, and this is a sufficient bar to the plaintiff's action under the law of 1835, which is still in force.   Rev. Stat. chap. 83, sec. 4; *Lender* v. *Kidder,* 23 Ill. 49; *Jandon* v. *McDowell,* 56 id. 53.

It is not necessary that he should reside upon every part and parcel of the land.   *Williams* v. *Ballance,* 23 Ill. 193; *Wharton* v. *Banting,* 73 id. 16.

And such residence may be by a tenant.   *Martin* v. *Judd,* 81 Ill. 480.

It is no objection that the title has come down through executors.   *Collins* v. *Smith,* 18 Ill. 160.

Nor does it make any difference that there was a mistake in the boundary line of occupation.   *Bauer* v. *Gottmanhausen,* 65 Ill. 499.

Again, I claim we established a good color of title, with possession and payment of taxes for more than seven years, on the whole of lot 11, and that is a bar to plaintiff.

Messrs. Rosenthal & Pence, for the appellee :

Neither the twenty years' Statute of Limitations, nor the statute of 1835 or 1839, has been pleaded, hence no defence can be made under those statutes.   *Borders* v. *Murphy,* 78 Ill. 81.

The nature of that adverse possession which is required to constitute a bar to the assertion of a legal title by the owner of it, or by one against whom the adverse occupant brings ejectment, must be actual, visible, notorious, distinct and hostile possession.   Tyler on Ejectment, 900; 2 Smith's Leading Cases, *561; *Calhoun* v. *Cook,* 9 Pa. 226; *Turney* v. *Chamberlain,* 15 Ill. 271.

The Limitation law of 1835 does not apply, because the Stevens deed does not cover the six feet in question, and if it did, it does not show a connected title, deducible of record. As to the statute of 1839, the facts do not constitute a defence thereunder, because the deed to Stevens does not

embrace this strip, and the evidence fails to show that Stevens paid all taxes legally assessed thereon for seven years.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, brought by Sherman against Stevens and his tenant, Borden, for the recovery of six feet of land fronting west on State street, and lying between Thirteenth and Fourteenth streets, in the city of Chicago, being 170 feet deep. On trial before the court without a jury, there were a finding and judgment for the plaintiff, and the defendants appealed.

Sherman and Stevens are coterminous proprietors, Sherman on the south and Stevens on the north, and the controversy respects the boundary line running east and west between their lands. The six feet in question lies in the north-west fractional quarter of section twenty-two, running from State street east to Lake Michigan, and from Twelfth street south to Sixteenth street, the fractional quarter section containing about 107 acres.

Augustus Garrett was the common source of title to the premises in controversy. He, through *mesne* conveyances from the patentee from the United States, became vested with the south 33 acres of the north 1176.12 feet of the fractional quarter section. The south boundary line of this 33 acres was definite, the same being 1176.12 feet south from the north line of the quarter section, and there was no uncertainty as to this north line. Garrett owning this 33 acres, commenced to sell and convey the same in separate tracts, and he commenced conveying and measuring from the south line northward. He first conveyed a tract of 49.1 feet fronting on State street, and running through to the lake, to Hogan, the south line of this strip being the south line of the Garrett tract of 33 acres, and being 1176.12 feet south from the north line of the quarter section. The deed was filed for

record September 15, 1846. Garrett next conveyed to Merritt 90 feet north, and adjoining the Hogan tract, running through from State street to the lake, the deed being filed for record August 14, 1847. Garrett next conveyed to Sherman, the plaintiff, 110 feet, lying north, and adjoining the Merritt tract, running through from State street to the lake, the deed being filed for record November 2, 1847. These three tracts together are 249.1 feet front on State street, and it is the north six feet of this Sherman tract about which this controversy arises.

Garrett, still owning the remainder of the south half of this 33 acres,—the north half having been conveyed to one Seaman, September 23, 1844,—died in 1849, having devised this tract so remaining in him to his wife, Eliza Garrett, and the latter died in 1856, devising the same to Grant Goodrich and other trustees, who conveyed to defendant Stevens, by deed dated April 5, 1860, a certain portion of such tract. The deed was filed for record April 23, 1860. Stevens claims under this deed, and to be in possession of this six feet thereunder.

It must be admitted that plaintiff holds the paramount title to this six feet by his prior deed from Garrett, for there can be measured off with certainty 249.1 feet north on State street, from a point 1176.12 feet south from the north-west corner of the quarter section 22, so as to leave no room for mistake. Indeed, there does not appear to be any dispute that plaintiff owns the paramount title from the United States of this six feet now occupied by defendants. But defendants' defence is under the statutes of limitation : first, the twenty years' Statute of Limitation; second, the seven years' statute of 1835; and third, the seven years' statute of 1839. The suit was commenced October 26, 1880.

Adverse possession sufficient to defeat the legal title must be hostile in its character, and continue uninterruptedly for twenty years. *Turney* v. *Chamberlain,* 15 Ill. 271; *Ambrose*

v. *Raley,* 58 id. 506.   It is not claimed for defendants that either of them was in possession of this six feet for more than nineteen years.   *Bauer* v. *Gottmanhausen,* 65 Ill. 500, is referred to as an authority in favor of the defendants, where it was recognized to be the doctrine that when parties agree upon a boundary line between them, and enter into possession according to that line, they are thereby concluded from afterwards disputing that it is the true line, even when the Statute of Limitations has not run.   But there is here nothing of any agreement in regard to a boundary line, or of any entering into possession according to any such line, to bring the present case within the rule of the case cited.

The statute of 1835, relied upon, is, that actions brought for the recovery of any lands of which any person may be possessed by actual residence thereon for seven successive years, having a connected title in law or equity, deducible of record from this State or the United States, etc., shall be brought within seven years next after possession taken.   Rev. Stat. 1874, p. 74.   The record does not show title in Stevens to this six feet.   The description in the deed to Stevens is as follows:   "That part of fractional section 22, in township 39, north of range 14, east of the 3d P. M., commencing at a point on State street, 216 feet south of the north-west corner of the land belonging to the estate of the said Eliza Garrett, deceased, which adjoins the land formerly owned by Mrs. Ann Seaman, of New York; running thence south 51 feet, thence east 170 feet, thence north 51 feet, thence west 170 feet to point of commencing, known in a certain plat or subdivision of said property now in possession of the parties of the first part, as lots 10 and 11, in block number one."

As before observed, Garrett hâd conveyed to Seaman the north half of the 33 acres which he originally owned, which explains the reference to "Mrs. Ann Seaman" in the description in Stevens' deed.   The interest of Mrs. Seaman came to Susannah Drake, and the boundary line between her and

Garrett, on his north, was fixed by agreement in deeds of
conveyance they made to each other in 1846.   They attached
to their respective deeds a map of the whole 1176.12 feet,
dividing it off, and showing the tract by measurement in-
tended to be conveyed to and owned by each.   This map
showed Garrett's land to be the south 516.58 feet, on State
street, of the tract.   Garrett having conveyed 249.1 feet
thereof, as stated, to Hogan, Merritt and Sherman, he had
left of the 516.58 feet, therefore, 267.48 feet.   Of this latter
piece the trustees of Eliza Garrett conveyed to Stevens 51
feet, commencing 216 feet south from the north-west corner
thereof, and running south 51 feet.   Adding 51 to 216 makes
267 feet, which lacks just .48, or nearly one-half of a foot, of
reaching the north line of Sherman's land, and hence covers,
by the description, no part of the six feet in controversy,
which is the north six feet of the south 249.1 feet.

Stress is laid by appellant on the concluding part of the
description, that the property is known in a certain plat or
subdivision, now in possession of the parties of the first part,
as lots 10 and 11, in block number one.   If this be taken as
referring to the plat of a subdivision made in 1856 of the
remaining part of the land which was left in the Garrett
estate, that plat shows nothing different from the preceding
portion of the description, but shows just the same.   The
plat purports to be a map of the subdivision of the "Garrett
tract," to be "Garrett subdivision of land N. W. frac. $\frac{1}{2}$ 22,
39, 14," and in no other respect locates the land platted.
The plat shows eleven lots fronting on State street, number-
ing from north to south, the first nine of the width of 24 feet,
and lots 10 and 11 of the width, respectively, of 24 and 27
feet, the sum of them all being 267 feet.   So that, according
to the plat referred to, equally as by the preceding portion of
the description, the land conveyed to Stevens was the south
51 feet of the 267 feet which was remaining in the Garrett
estate after the prior conveyances to Hogan, Merritt and

Sherman, and which, as we have seen, did not include any part of the six feet in controversy. Going outside of the record, we think the proof shows that this Garrett subdivision, as actually surveyed and laid out, in fact did include this six feet in lot 11. But the record of itself does not show this, so that there. does not appear by the record to be title in Stevens to the six feet, and he does not show a title thereto deducible of record from this State or the United States. To deprive a man of his land by statute, the exact statutory condition to warrant it must be shown to exist. We think there is failure here in the exhibition of a title of record. This renders it unnecessary to consider the other question under the statute, whether there was actual residence on this land, as both facts, of title of record and actual residence, must concur to constitute the defence.

The last defence claimed by defendants, is under the statute of 1839—color of title, and possession and payment of taxes for seven consecutive years. It is admitted of record that plaintiff has paid all the taxes upon these six feet, according to the description in his deed. There is nothing appearing in the evidence as to which party paid the taxes first. If in any single year plaintiff paid the taxes, and afterward Stevens paid the amount of the taxes on the same land, he would not have paid the. taxes for that year—they would have been paid by plaintiff. Each party appearing as having paid the taxes, the burden was upon Stevens to show that he paid them before the same were paid by plaintiff. Failing in this, he does not make out a defence under this statute.

Finding the defence set up not to be sustained by the evidence, the judgment must be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE CRAIG, and Mr. JUSTICE DICKEY, dissent.