IN THE

# SUPREME COURT OF ILLINOIS.

47 17
128 392

## SECOND GRAND DIVISION.

JANUARY TERM, 1868.

## ANDREW WETTIG

*v.*

## JOHN B. BOWMAN.

1. LIMITATION OF ACTIONS—*seven years limitation act.* Under the seven years limitation act of 1839, a party, in order to claim its benefits, must show, not only claim and color of title made in good faith, but also a continuous possession thereunder for seven successive years and the payment of all the taxes legally assessed upon the land during that time.

2. SAME—*color of title, possession and payment of taxes must concur.* When these three things concur, color of title, possession, and the payment of taxes, for seven successive years, a party will be adjudged the legal owner of the lands to the extent of his paper title, and the bar is complete. But it is immaterial whether the deed is color of title or not, if possession and the payment of taxes the requisite time did not concur.

3—47TH ILL.

3. STATUTES—*concerning act for the relief of the settlers in the American Bottom—to whom it applies.* The act of February 2, 1859, for the relief of actual settlers in the American Bottom, does not apply to a resident on a town lot in a town located in the American Bottom, or to the owner of such lot, but is expressly limited to those residents whose farms or improvements were submerged by the overflow of the Mississippi river in the summer of 1858, and whose crops were thereby damaged or destroyed.

4. FORMER DECISIONS. The case of *Elston et al.* v. *Kennicott's heirs,* 46 Ill. 187, examined and explained.

5. LIMITATION OF ACTIONS—*seven years limitation act—sale of lands during the running of the statute—effect of.* Where a party, seeking to acquire title under the seven years limitation act, allows the lands to be sold for taxes during the running of the statute, and afterwards redeems from such sale, he will be required to begin *de novo,* and wait the required time for a deed.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. GUSTAVUS KOERNER, for the appellant.

Mr. W. H. UNDERWOOD, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment in the St. Clair Circuit Court, brought by John B. Bowman against Andrew Wettig, which resulted in a verdict and judgment for the plaintiff. The defendant, to reverse this judgment, brings the record here by appeal, and the only question he presents, is, was the deed of the sheriff, introduced by the defendant and excluded by the court, color of title?

It was an action by the holder of the paramount title against a tax title claimant, claiming under the first section of the limitation act of 1839. This statute, in order that a bar to a recovery may be established, requires proof, not only of claim and color of title made in good faith, but also a continuous

possession under this color, for seven successive years, accompanied by the payment of all the taxes legally assessed upon the land during that time. All these concurring, the holder of such color of title is adjudged the legal owner of the lands to the extent, and according to the purport of, his paper title, and the bar to a recovery is complete.

It is wholly immaterial whether the deed was color of title or not, if possession did not accompany it, and the payment of the taxes the requisite time did not concur.

The bill of exceptions shows that the color of title was acquired by a sheriff's deed on a sale for taxes, in 1852. Admitting, then, the deed was color made in good faith, to complete the bar, it was incumbent on the holder to show actual possession for seven successive years thereafter, which, it appears, by the bill of exceptions, he did show, and also the payment of all taxes legally assessed upon the land for the same seven successive years, which, it appears by the same bill of exceptions, he did not show, his admission being found therein, that he did not pay the taxes for the year 1858. Giving to the deed all the effect that appellant claims for it, and admitting the requisite possession, there is still absent the other most essential requirement, the payment of taxes for seven successive years, in concurrence with the color of title.

To supply this defect, appellant contends that the act of 1859, entitled "An act for the relief of certain persons in the American Bottom," in force February 24, 1859, relieved him from the payment of this tax. An examination of this act, its object and purposes, as set forth in the preamble and in the body of the act, shows, most conclusively, that a resident on a town lot in a town located in the American Bottom, or the owner of such lot, was not in the contemplation of the general assembly. It releases only to those residents whose farms or improvements were submerged by the overflow of the Mississippi river in the summer of 1858—whose crops were

damaged or destroyed by the high water—and the provisions of the act were expressly limited to those persons, the greater part of whose improvements, except buildings, were submerged.

But if the act did include proprietors of town lots residing upon them in that year, the facts show appellant had not the property in the lot in question, for his seven years' possession would not have been complete until 1860, he having taken possession in 1853.

But waiving this, the controversy is narrowed down to a single point: were the taxes for 1858 legally assessed? This is not denied. Did appellant pay them? It is admitted he did not, and, as a necessary consequence, he cannot avail of the statute.

In the case of *Elston et al.* v. *Kennicott's Heirs*, 46 Ills. 187, we had occasion to examine this point of the failure to pay the taxes for any one of the seven years. In that case the objection was, that the tax was not legally assessed for the year 1847, and, therefore, the claimant was excused from paying them. This court said the right conferred was a statutory right, which could only become valuable by a strict compliance with the statute, and so far as that claimant was concerned, under the statute, the taxes were legally assessed for the year omitted by him, and if he chose to question the legality of the assessment, he must take the risk.

The conclusion to which the court arrived, in that case, was, that the statute must be strictly complied with, and the party claiming its benefits, must show he has obeyed its behests ; that it would be unreasonable and unjust to give him the benefit of the statute, and, at the same time, relieve him from a compliance with it.

That case differs from the one before us, in this, that there a question might be made as to the legality of the assessment; here no such question is made, or could be made, for it was only from legal assessments the act of 1859 was designed to relieve.

But whether legally assessed or not, was not a question when the warrant was in the hands of the collector. He who wished to obtain the benefit of the statute, could do so only by paying the taxes for seven successive years. If any error occurred in any of those years, or anything else, which rendered the assessment of doubtful legality, and the claimant forebore under the influence of that doubt, it was the good fortune of the owner of the title, as thereby the bar was not perfected.

That the lot was legally assessed for 1858, appears from the fact that it was sold in 1859 for the taxes of that year, and bought in by another party, from whom appellant afterwards purchased. This is an admission of the fact; indeed, it is no where denied that it was assessed for taxation; but an excuse is attempted why the taxes were not paid.

The safe course for appellant was to pay this tax. He did not do it, and cannot, therefore, claim the benefit of the statute, no matter how 'clear and strong his color of title may have been.

We do not perceive, from the record, how the question of the payment of taxes for 1864 comes up. Appellant did not attempt to show payment of taxes for seven successive years after he redeemed from the sale of 1859, if he did so redeem, nor was it possible to show it, as the suit was commenced to the October term, 1864. If he bought the certificate of purchase, then he would have to begin *de novo*, and wait the required time for a deed.

Appellant has not shown himself to be within either the letter or the spirit of the statute, and the judgment must be affirmed.

*Judgment affirmed.*