# ISAAC O. WOODRUFF *et al.*

*v.*

# JAMES McHARRY.

1. ACKNOWLEDGMENT OF DEEDS — *by whom to be taken.* In an action of ejectment, upon objection that one of the deeds under which the plaintiff claimed title was acknowledged before a person who described himself, in his certificate, as a clerk *pro tempore* of the United States circuit court for the southern district of Illinois, it was regarded as sufficient, if the person taking the acknowledgment was clerk *de facto,* without reference to the temporary character of his appointment.

2. PAYMENT OF TAXES — *what constitutes, under limitation act of* 1839. And the defendant setting up color of title and payment of taxes for seven years, but it appearing the land was sold one year during the seven, although bid in for the benefit of the defendant, the bid being paid with his money, it was *held,* this was not a payment of taxes, within the meaning of the statute.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

The opinion sufficiently states the case.

Mr. B. S. PRETTYMAN and Mr. WILLIAM DON MAUS, for the appellants.

Messrs. ROBERTS & GREEN, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This is an action of ejectment, in which the judgment in the circuit court was for the defendant, and the plaintiff appealed. The judgment was erroneous. The plaintiff showed a paramount title. The only objection taken to it by the counsel for appellee is, that one of the deeds was acknowledged before a

person who describes himself, in his certificate, as a clerk *pro tempore* of the United States circuit court for the southern district of Illinois. The objection is not well taken. It is sufficient, if the person taking the acknowledgment was clerk *de facto*, without reference to the temporary character of his appointment.

The defendant also sets up color of title and payment of taxes for seven years. But the land was sold one year during the seven, and although bid in for the benefit of the defendant, the bid being paid with his money, yet this was not a payment of taxes, within the statute, as has been repeatedly decided by this court. The judgment is reversed and the cause remanded.

*Judgment reversed.*