WYSE *v.* JOHNSTON.

Opinion delivered July 22, 1907.

ADVERSE POSSESSION—PAYMENT OF TAXES—REDEMPTION.—Under Kirby's Digest, § 5057, providing "that unimproved and uninclosed land shall be deemed and held to be in possession of the person who pays taxes thereon," etc., a redemption of land from a tax sale is not a payment

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; affirmed.

Mrs. S. L. Wyse brought an action against W. H. Waddle and J. L. Johnson for conversion of timber upon certain land alleged to belong to her.

The case was submitted upon the following agreed statement of facts:

"It is agreed that this land was conveyed by W. H. Waddle and wife to Thomas H. Wyse, November 15, 1873; that Thomas H. Wyse died, testate, in Greene County, Arkansas, on the 22d day of February, 1899, and that under the provisions of his will this land was devised to plaintiff, his wife; that the deed of W. H. Waddle and wife to Thomas H. Wyse, and the last will of Thomas H. Wyse, are each color of title, and that plaintiff and

those under whom she holds and claims title to said lands have paid taxes thereon for seven continuous years, four of said payments being prior to the passage of the act of March 8, 1899, and three of said payments being subsequent thereto, and that said land is wild and unimproved and unenclosed; that such payments were made at the time and in the manner provided oy law, except [that] for the year 1899 the same was returned delinquent and sold, and the southeast quarter of the southeast quarter of said section was bought by Eli Abbott, and the remaining one hundred and twenty acres were bought by W. H. Waddle, and that plaintiff redeemed all of said lands from said tax sale on the 6th day of June, A. D. 1902, by which redemption she paid the taxes for the years 1899, 1900 and 1901; that the said Eli Abbott and W. H. Waddle by their tax purchase paid the taxes for the years 1899, 1900 and 1901, and which taxes so paid by them were repaid under the redemption made by plaintiff."

Plaintiff asked the court to declare the law to be that under the act of March 18, 1899, a redemption from a tax sale is such a payment of taxes as will entitle the party making such redemption to the benefit of the provisions of that act. The court refused to so instruct, and declared the law to be the reverse thereof.

Judgment went for the defendants, and plaintiff has appealed.

*J. D. Block,* for appellant.

The purchaser at a tax sale acquires no color of title until he receives a deed. 26 Ark. 48; 73 Ark. 344. Hence appellees had no possession of the land by virtue of their tax sale purchase, since the act, Kirby's Digest, § 5057, requires both payment of taxes and color of title; and, appellant having redeemed before they acquired a deed, there was no break in the continuity of her possession.

It has been held, under similar statutes, that to entitle one to the benefit of the statute payments need not be made annually, but two or more payments could be made at the same time. 1 Wall. 637; 50 S. W. 157. The question whether or not appellant's neglect to pay taxes before sale was an abandonment is one of intention, and the fact that she afterwards redeemed

is conclusive that abandonment was not intended.   75 Ark. 595.

*Witt & Schoonover* and *McCaleb & Reeder,* for appellee.

Redemption of the land from a tax sale is not a payment of taxes within the meaning of the act.   47 Ill. 17; 53 Pac. 421; 1 Cyc. 1109, and notes; 7 Words & Phrases, 6024; 28 Wis. 177.

HILL, C. J.   As will be seen from the agreed statement of facts, which will appear in the statement by the Reporter, the only question presented here is whether redemption of lands from tax sale is payment within the meaning of section 5057 of Kirby's Digest.   That section, as construed by this court in *Towson* v. *Denson,* 74 Ark. 302, and *Updegraff* v. *Marked Tree Lumber Co., ante,* p. 154, confers the title to unimproved and uninclosed lands upon the person who pays the taxes thereon for seven years in succession, if he have color of title thereto, by force of it in connection with the general statute of limitations.   In the latter case it was said: "It was not the intention of the law-makers to make the act of paying taxes a character of possession of any greater force than that of actual possession, *possessio pedis.*   Under the general statute of limitations, any character of possession must be continuous, and must be unbroken for the full period of seven years.   We see no reason why a different construction should be placed upon the statute declaring the payment of taxes to be an act of possession."

The reasoning of these cases is fatal to the appellant's contention that redemption from the tax sale could be payment within the meaning of the said section, because non-payment of the taxes for any one year would break the continuity of possession.

The appellant argues that the question of possession is a question of intention, and that the redemption would evidence the intention to pay the taxes, and that non-payment followed by redemption is similar to a temporary abandonment of possession, which, it was held in certain instances, such as *Robinson* v. *Nordman,* 75 Ark. 593, does not destroy the continuity of possession.

The theory of such cases is that the abandonment was not permanent, and the claim of ownership was still patent to observation.   The flag was still flying.   The non-payment of taxes

leaves no trace on the record of an intention to later redeem. The later redemption would be analogous to a re-entry after a total abandonment where no flag was left flying. Such has been the view in other States.

A party in Illinois sought to acquire title under a statute similar in import to section 5057 of Kirby's Digest, and allowed land to be sold for taxes during the running of the statute, and afterwards redeemed; and the court held that his possession must begin over again from the time of the redemption. *Wettig* v. *Bowman,* 47 Ill. 17.

In *McDonald* v. *McCoy,* 53 Pac. 421, a statute of California of similar purpose to section 5057 of Kirby's Digest was under consideration, and the court said:

"If there is anything of benefit to the State contemplated by this anomalous law, it is that it will have a tendency to induce people to pay their taxes, and not compel the State to take the title subject to redemption. If it is an element in the adverse possession tending to show good faith, certainly during those years in which the taxes have not been paid the possession lacks an essential element required in the statute. During all the years in which the delinquency was allowed, the true owner might forbear suit because of his knowledge that the person in possession had not paid taxes, thereby indicating that he was not holding adversely."

The above excerpt gives a good reason why the redemption should not have been held to be payment within the meaning of said section.

Moreover, the language is not susceptible of this construction, for paying taxes and redeeming from tax sales are two separate and distinct things. One can not be construed as the other when each has a separate, distinct meaning, well defined in law and well known to the public.

Judgment is affirmed.

Mr. Justice McCULLOCH not participating.