## SORENSEN v. BILLS.

No. 4514.   Decided October 15, 1927.   (261 P. 450.)

*Joshua Greenwood,* of Salt Lake City, and *Dudley D. Croft,* of Delta, for respondent.

*O. A. Tangren,* of Delta, for appellant.

GIDEON, J.

In this action plaintiff (respondent) seeks a decree quieting title to certain real property described in the complaint, located in Delta townsite, Millard county. It is alleged in the complaint that plaintiff is the owner in fee simple and entitled to the immediate possession of the property described. There is also an allegation that defendant (appellant) claims an interest in said property, the exact nature of which is unknown to plaintiff. Plaintiff, upon information and belief, further alleges that defendant's interest is based upon an auditor's tax deed for the premises. It is alleged that the auditor's deed is void and of no effect, for the reason that the property had been redeemed from the tax sale relied on by defendant and the tax actually paid prior to the execution and delivery of the tax deed. The prayer of the complaint is that defendant be required to set forth his claim of right in and to the premises and that all of the defendant's claim, or pretended claim, be adjudged invalid and a cloud upon plaintiff's title, and that plaintiff's right of possession be quieted, and that defendant be restrained from asserting any right, title, or interest in or to said premises. Plaintiff asks for general relief.

The answer denies certain allegations of the complaint and alleges as an affirmative defense by way of counterclaim that the lands mentioned in the complaint were regularly assessed for state, county, city, and school taxes for the year 1917, and were sold for nonpayment of such taxes on the third Monday in December, 1917, to Millard county; that the treasurer of that county pursuant to law, on December 17, 1917, issued a certificate of sale covering said property and delivered the same to the county auditor; that the property was not redeemed, and on February 15, 1922, the auditor of said county issued a tax deed conveying to Millard county the title to said premises by reason of the failure of the owner to redeem the property within the four-year period allowed by law. It is also further alleged

that on November 3, 1925, Millard county, for a valuable consideration, sold the premises and conveyed the same by quitclaim deed to defendant. In the counterclaim it is alleged that the claim or right asserted by plaintiff is inferior to the rights and interest of defendant. There is also an allegation in the affirmative defense that the property in controversy is situated within the boundaries of the drainage district known as Millard county drainage district No. 4; that this drainage district was organized under and by virtue of the provisions of title 26, Comp. Laws Utah 1917, and acts amendatory thereof, and that a tax was regularly levied against the property by said drainage district for the year 1920, and the same was sold for failure to pay the drainage tax for that year. It is also set out in the affirmative defense that during the years 1917, 1920, 1921, 1922, 1923, 1924, and 1925 the treasurer and county auditor of Millard county have each year levied and caused to be placed and entered upon the official tax roll in the office of the assessor of Millard county state, county, and school taxes, as provided by law, against said premises. The amounts of the taxes levied each year mentioned are enumerated and stated in the affirmative defense. It is further alleged that all of the taxes enumerated are past due and delinquent and unpaid and are now a lien upon the premises described in the complaint. The prayer of the answer is that plaintiff be denied any relief; that a judgment be entered that defendant is the owner and entitled to the possession of the premises and that his rights thereto are superior to any and all claims of plaintiff.

A reply was filed, but no issues are presented thereby. The case was tried to the court. Findings of fact, conclusions of law, and decree were entered. In the decree it was adjudged and ordered that plaintiff have judgment quieting his title to the premises against the claims of defendant, conditioned upon plaintiff paying to the clerk of the court the amount paid to Millard county by defendant for the execution of the quitclaim deed on November 3, 1925, with

interest, and also paying the amount of the subsequent taxes paid by defendant to the county as well as the amount paid by defendant for redemption of the property from the sale made under the taxes levied by the drainage district. From that judgment defendant appeals.

After the entry of judgment, the parties entered into a stipulation of facts, which constitutes the record before this court on appeal. It is recited in that stipulation that certain exhibits and documentary evidence introduced at the trial have been lost or mislaid and that both parties to the action are desirous of having the questions involved determined by this court, and for that reason the stipulation was made. It is stated in the stipulation that in the year 1917 the property in controversy was the property of the Delta Mercantile Company, a corporation, and was assessed for taxes during that year in the name of one A. Adelbert Searles; that said land was sold for nonpayment of taxes in the year 1917; that on February 15, 1922, an auditor's tax deed was issued to Millard county pursuant to the tax sale of December 17, 1917. It is further stated in the stipulation that all of the taxes on the property in question for the year 1917 were paid and discharged in December, 1919, by the Delta Mercantile Company, and that that company was given a receipt from the treasurer of Millard county showing such payment, but that no credit was given for such payment on any of the records of the county. In the year 1920 the land described in the complaint, together with the improvements, fixtures, and personal property thereon, was assessed to the Delta Mercantile Company, and the amount of the assessment for 1920, 1921, 1922, and 1923 are enumerated in the stipulation. It is also stipulated that none of the taxes for 1920, 1921, 1922, 1923, 1924 and 1925 were paid by the Delta Mercantile Company or its successor in interest prior to the institution of this action. It is further stipulated that the land was assessed for special benefits for drainage tax during the years 1920, 1921, 1922,

1923, 1924, and 1925 for a total of $44.64 and all of which taxes have been paid and the property redeemed by defendant, Bills, on November 3, 1925. It is then recited that on November 3, 1925, Millard county, acting through its board of commissioners, executed and delivered to defendant, Bills, a quitclaim deed for a consideration of $734.07, and that thereafter the said defendant paid to the county the taxes assessed in 1925 amounting to the sum of $15.93; that the quitclaim issued by the county was regularly recorded on the same day in the county recorder's office. It is also stipulated that on said November 3, 1925, the treasurer of Millard county issued and delivered to defendant, Bills, a redemption certificate, and the certificate is set out in full in the stipulation. The certificate recites that the county treasurer received from defendant, Bills, the sum of $734.07, and that the same was paid to redeem from tax sale the property described in the complaint. It is also stipulated that the plaintiff, Sorensen, obtained a quitclaim deed from the Delta Mercantile Company for the premises under date of November 20, 1925, and that said quitclaim deed was recorded in the county recorder's office prior to the institution of the present action. It is further recited in the stipulation that the representative of plaintiff tendered in open court the sum paid by Bills to Millard county with interest and the taxes paid for the year 1925, and also the amount paid to redeem the land from the drainage tax sale. It is recited also in the stipulation that the premises in controversy were sold on December 21, 1921, to Millard county for state, county, and school taxes assessed against the premises for that year. It is claimed by plaintiff that that statement is erroneous and was inadvertently made. A motion was made to remand the case to the district court to have the stipulation corrected and made to speak the actual fact. It is conceded by counsel for defendant that the stipulation in that regard was erroneous, and that no sale was made for delinquent state, county, and school taxes for the year 1920, but that the premises were sold only for the nonpayment of the

drainage district tax. We shall treat the stipulation as thus corrected. What are the rights of the parties?

Admittedly, under the stipulation, the tax sale of 1917 had become of no force or effect. The owner of the property, within the period allowed for redemption, had redeemed the property from that tax sale, and thereafter any right that the county had by reason of the levy and the tax in the year 1917 was extinguished to the same extent that its claim would have been had the taxes been paid prior to the delinquent tax sale of December 17, 1917. Such is the plain intent of the statute. Comp. Laws Utah 1917, § 6024. The failure to pay the taxes assessed in 1920 gave the county the right to again sell the property for delinquent taxes. The county failed to exercise that right. It is apparent all the way through in this record from the pleadings and the stipulation that this controversy respecting the rights of the parties under the tax sale of 1917 and the failure of the county to advertise and sell the property for the 1920 unpaid taxes was due wholly to the neglect of the county treasurer to enter in the proper record of Millard county the fact of the redemption made by the Delta Mercantile Company in December, 1919, for the tax sale of 1917. The defendant in his answer, as recited, relies wholly upon the assumed validity and legality of the tax sale in 1917 and failure to redeem and the execution of the auditor's deed in February, 1922, conveying the property to Millard county. It is readily understandable that the county authorities did not deem it necessary to again advertise the property for sale in 1920, for the reason that they were not advised and did not know of the redemption from the tax sale of 1917. It is provided in Comp. Laws Utah 1917, § 6052, that, where property assessed for taxes is purchased by the county by reason of the delinquency of taxes "it must be assessed in subsequent year for taxes in the same manner as if it had not been purchased. But it must not be exposed for sale so long as the county holds the certificate of the sale thereof, and the sale under any

such assessment must be adjourned until the time of re-
demption under the previous sale shall have expired." It
is thus apparent that the county had acquired no title to the
premises in controversy by reason of the failure to pay the
taxes assessed against the property for 1920 and subsequent
years. The most that the county could claim for the taxes
levied for those years would be a lien upon the premises.
The county commissioners, in making the deed of Novem-
ber 3, 1925, evidently acted upon the theory and the be-
lief that the county had title to the premises based upon the
tax sale of 1917. That sale, as we have seen, was no longer
effective by reason of the redemption of 1919.

It is probably unnecessary to determine what right or
interest, if any, the defendant, Bills, acquired by reason of
the quitclaim deed given to him in November, 1925.
It is clear that he did not receive title to the prem-
ises. Millard county had no title. It had never re-
ceived an auditor's deed save the purported deed of 1922
based upon the sale of 1917. As we have seen by the ex-
press terms of the stipulation, the sale of 1917 was rendered
of no effect by the payment of the taxes in the year 1919.
Millard county has at best only a lien for the unpaid de-
linquent taxes assessed against the premises after the date
of the redemption in 1919. And this is true even though there
had been a sale in 1920. No authority is found in the statutes
authorizing the commissioners, or any county official, to
assign a lien given to the municipality by virtue of taxes
levied. Authority is given to the county treasurer under a
certain state of facts to transfer or assign the county's in-
terest in property sold for taxes in Comp. Laws Utah 1917,
§ 6023, as amended by Laws Utah 1919, c. 122. The facts
in the instant case do not bring the parties under the pro-
visions of that section. The general rule applicable is stated
in Black on Tax Titles (2d Ed.) § 151, as follows:

"Thus, unless they [the taxes] are expressly and by plain impli-
cation authorized to be assigned legally or equitably, they are incap-

able of assignment, and no one can be subrogated to the rights and remedies of the state or municipality."

The authorities are uniform in supporting this general statement of the law in the absence of a statute providing otherwise.

The district court, by its decree, required plaintiff to pay defendant all sums paid by him to Millard county and all sums paid by him in redemption of the drainage tax sale. No appeal is taken by plaintiff from this judgment; hence we must conclude that he is satisfied with it. In any event, the question is not here for review, and we are not called upon to determine whether that part of the judgment of the court was erroneous or not. We are simply holding that in this case, on the face of the record as reflected by the stipulation, the defendant has not been injured by the decree of the court, and was denied no legal or equitable right in the judgment entered.

We find no reversible error in the record. Judgment affirmed.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.