**1008**

Charles H. Carr, U. S. Atty., and Irl D. Brett and Thomas J. Clark, Sp. Attys., Lands Division, Department of Justice, all of Los Angeles, Cal., for plaintiff.

Gladys Rouce, in propria persona, and Catherine A. McKenna, of Los Angeles, Cal., in propria persona.

J. F. T. O'CONNOR, District Judge.

This action is brought under the provision of section 5 of the Flood Control Act of 1936 as amended, approved May 15, 1937, entitled: "An Act to amend an Act entitled 'An Act authorizing the construction of certain public works on rivers and harbors for flood control, and for other purposes'". 50 Stat. 167.

In this proceeding the conflicting claims of Catherine A. McKenna and Gladys Rouce are to be determined with reference to compensation awarded by the government for the taking of certain property; specifically described as parcel 43, block 18, Davis addition to Duarte, lot 6. The facts upon which Catherine A. McKenna seeks to establish her claim are as follows:

On August 7, 1922, lot 6 was sold by the State and County for taxes which were delinquent for the years 1915–1916. A tax deed was executed by the State on August 7, 1922, to A. Hughes and J. Truitt, as grantees. Hughes and Truitt executed and delivered a general deed to W. P. Nichols on March 12, 1932. On December 17, 1937, Nichols conveyed by general deed to Catherine McKenna. While Catherine McKenna acquired title in the manner indicated, she did not pay any taxes on the property. Gladys Wright, otherwise known as Gladys Rouce, asserts ownership to lot 6, and her claim to compensation therefor upon title acquired by adverse possession. At the time Rouce acquired title to lot 6, she was residing upon lot 5, which was adjacent thereto. A deed of trust dated July 24, 1929, was executed by Gladys Rouce in favor of Mattie Thompson, to serve as a purchase money mortgage. Mattie Thompson had been the record owner of lot 6 since 1912 by virtue of a deed executed by V. L. Densmore. Mattie Thompson executed and delivered a grant deed dated July 29, 1929, to Gladys Rouce. While the trust deed was dated prior in time to that of the grant deed, the entire transaction was apparently in escrow, as both instruments were duly recorded in proper order August 22, 1929. Taxes for the years 1929 to 1932 were paid by the Rouces. From 1932 to and including the year 1939, the taxes upon lot 6 became delinquent; however, on July 27, 1939, all delinquent taxes were paid and the property redeemed by Gladys Rouce, who also paid the taxes accruing during the fiscal year 1939–1940, on September 16, 1940.

The sole issue for determination is that of adverse possession. See Chapter Two, secs. 315 to 329, California Code of Civil Procedure. 1 Cal.Jur. 522; 1 R.C.L. 685; Code Civ.Proc. § 325; Unger v. Mooney, 63 Cal. 586, 49 Am.Rep. 100; San Fran-

cisco Clearing House v. Wells, 196 Cal. 701, 239 P. 319; Steckter v. Ewing, 6 Cal.App. 761, 766, 93 P. 286; Sheehan v. All Persons, 80 Cal.App. 393, 252 P. 337.

In the present case the adverse possessor, Gladys Rouce, testified that when she acquired title to lot 6, in 1929, and until the time of condemnation in 1940, the property was used for various purposes among which were the planting of gardens and the raising of rabbits. From the time Gladys Rouce entered into possession of lot 6 until the government commenced its action of condemnation, September, 1941, a period of over twelve years, her right to possession was never questioned.

The evidence introduced clearly establishes title by adverse possession under the California statutes and the cases cited. See 2 C.J.S., Adverse Possession, §§ 171, 180, pages 745, and 756. Catherine A. McKenna controverts this view on the basis that the taxes were not paid in order during the taxable year, but rather were satisfied by redemption in 1939. This argument is untenable. In Owsley v. Matson, 156 Cal. 401, 405, 104 P. 983, 984, the court declared: "In order that a possession may be sufficient to constitute title in fee simple, it would seem reasonable to hold that all the elements necessary thereto must have been in existence at the time the five years are running, and that a redemption of taxes after the adverse possession had ceased, could not relate back so as to make it a payment during such period. But where, as in the present case, the tax has been allowed to become delinquent and a sale has taken place, and, so far as appears, a redemption has been made thereof, while the party or his successor in interest was in undisturbed possession, and all this is done in good faith, we see no reason why the same should not be held to operate as a payment, and we think it is sufficient to bring the occupant within the terms of the statute which requires him to pay the taxes upon the property claimed."

See also Gray v. Walker, 157 Cal. 381, 108 P. 278.

Judgment will be entered in favor of Gladys Rouce, establishing and conferring her title to lot 6, block 18, Davis addition to Duarte. In view of the fact that Gladys Rouce appeared in propria persona and is not familiar with legal proceedings, the attorneys for the government will prepare Findings of Fact and Conclusions of Law in conformity with this opinion.