268 P.2d 983

**BOWEN et al.  v.  OLSON et al.**

**OLSON  v.  BOWEN et al.**

No. 8060.

Supreme Court of Utah.

March 25, 1954.

Colton & Hammond, Vernal, George B. Stanley, Heber City, for appellants.

Cyrus G. Gatrell, Salt Lake City, Clyde S. Johnson, Vernal, Culbert L. Olson, Los Angeles, Cal., for respondent.

CROCKETT, Justice.

Plaintiffs sought to quiet title to certain unenclosed grazing lands in Uintah County, basing their claim upon the purchase of a tax title from the county, coupled with adverse possession, plus the payment of taxes for more than seven years; defendant answered and counterclaimed, asserting legal title. From judgment quieting title in defendant, plaintiffs appeal.

Defendant Olson acquired title to the land in 1916. It was sold to Uintah County for unpaid taxes in 1933; five years later an auditor's deed was issued to the county. September 30, 1940, one Hallett entered into a contract to purchase the property from the county. The contract required him to pay the current taxes. In 1943, after he had completed payment, the county deeded to him. Through subsequent conveyances plaintiffs succeeded to his interest.

On September 22, 1948, plaintiffs commenced this action to quiet title. Trial was had in December, 1952. The trial court found that plaintiffs had been in possession of the property for the necessary seven years, but rejected their claim of ownership on the ground that they had not paid the taxes for such period. The question of the correctness of this ruling is the gravamen of this appeal.

The facts with respect to the payment of taxes are as follows: No taxes were assessed against the lands in 1940 or 1941. Each year thereafter to and including 1946, all taxes were promptly paid. The taxes for the next two years, 1947–8, are the ones of critical moment here; they were not paid and the property was sold for taxes to Uintah County. On December 30, 1949, after this suit was commenced, the amount of delinquent taxes, interest, penalties and costs were paid by "J. Parry Bowen by Morley Dean" and a redemption certificate was issued.

The basis of the trial court's ruling against the plaintiffs was that the redemption just referred to did not constitute "payment of taxes" within the meaning of section 78–12–12 U.C.A.1953, which requires that in order to establish title by adverse possession, one must "have paid all taxes which have been levied and assessed upon such land according to law."

The proposition urged by the plaintiffs, that the redemption of the 1947 and 1948 taxes complied with the aforementioned requirement of payment of taxes just the same as if they had been paid before tax

sale, has never been decided in this state.[1] While the decisions from other jurisdictions are not unanimous, the clear weight of authority is that such redemption does not meet the requirement of statutes which require payment of taxes as an incident to the acquisition of title by adverse possession.[2] In accord with this view are Colorado,[3] New Mexico,[4] Arkansas,[5] Illinois,[6] Washington,[7] South Dakota,[8] and Texas.[9] To the contrary, that redemption is payment of taxes, are California,[10] and Montana.[11] The North Dakota case of Stiles v. Granger [12] is distinguishable, the court having rested its decision on the special fact of mistake or inadvertence because an agent failed to pay the taxes as instructed, and the court said that a different result might be reached if the failure to pay had been intentional.

In the cases from California and Montana, adhering to the minority rule, there is a paucity of reasoning as to the result reached. The first California decision to adopt the rule (Owsley v. Matson, supra) said that it would apply the rule of Cavanaugh v. Jackson,[13] which holds that the record owner cannot interrupt the peri-

1. Aggelos v. Zella Mining Co., 99 Utah 417, 107 P.2d 170, 132 A.L.R. 213. The cases cited by the plaintiffs in support of their contention do not involve any question of adverse possession. See Sorensen v. Bills, 70 Utah 509, 261 P. 450; Meagher v. Uintah Gas Co., Utah, 255 P.2d 989.

2. 132 A.L.R. 248.

3. Webber v. Wannemaker, 39 Colo. 425, 89 P. 780.

4. McGrail v. Fields, 53 N.M. 158, 203 P.2d 1000; Pueblo de Taos v. Gusdorf, 10 Cir., 50 F.2d 721.

5. Wyse v. Johnson, 83 Ark. 520, 104 S.W. 204; Walsh v. Certain Lands, 209 Ark. 320, 190 S.W.2d 447.

6. Holbrook v. Dickenson, 56 Ill. 497; Hart v. Randolph, 142 Ill. 521, 32 N.E. 517; Robertson v. Bachmann, 352 Ill. 291, 185 N.E. 618. See Irving v. Brownell, 11 Ill. 402, 403; Woodruff v. McHarry, 56 Ill. 218.

7. Tremmel v. Mess, 46 Wash. 137, 89 P. 487; Seymour v. Dufur, 53 Wash. 646, 102 P. 756; Kennedy v. Anderson, 88 Wash. 457, 153 P. 319.

8. Cain v. Ehrler, 33 S.D. 536, 146 N.W. 694; Plowman v. Morden, 33 S.D. 593, 146 N.W. 914.

9. Churchman v. Rumsey, Tex.Civ.App., 166 S.W.2d 960; Hufstedler v. Barnett, Tex.Civ.App., 182 S.W.2d 504.

10. Owsley v. Matson, 156 Cal. 401, 104 P. 983; Gray v. Walker, 157 Cal. 381, 108 P. 278; Devlin v. Powell, 67 Cal.App. 165, 227 P. 231; United States v. Certain Parcels of Land, D.C., 51 F.Supp. 1008. Although this rule appears to be firmly embedded in the California law, it has not been uniformly applied. See McDonald v. McCoy, 121 Cal. 55, 53 P. 421; Myran v. Smith, 117 Cal.App. 355, 4 P.2d 219; Gallo v. Gallo, 31 Cal.App. 189, 159 P. 1058.

11. Laas v. All Persons Claiming Any Interest, 121 Mont. 43, 189 P.2d 670, 675.

12. 17 N.D. 502, 117 N.W. 777.

13. 99 Cal. 672, 34 P. 509.

od of adverse possession by paying taxes as long as the possessor pays them too, even though the latter pays last in time, which rule this court has rejected.[14] The reasoning of the minority appears to be that whether the payment is for redemption or as taxes, payment of the *amount* of the tax is sufficient.[15] However, the Supreme Court of Montana also stated that "it would have been easy for it [the legislature] to have said that the taxes should be paid 'concurrently', or 'as they become due' or 'before they become delinquent' or any other language from which an intent to prohibit payment or redemption at one time of more than one year's taxes could be inferred."[16]

More aligned with reason and persuasive are the grounds courts have given as a basis for adopting the majority rule: "Payment of taxes" and "redemption of taxes" have two separate and well defined meanings; [17] redemption is not "payment" because it is only where the taxes have not been "paid" that there is a forfeiture and any need for redemption;[18] a payment made after the land has been sold for taxes is not made to discharge a claim for taxes but to redeem the land from the sale and reinvest the owner with legal title.[19]

Another and perhaps the most important consideration is that one of the purposes of the statute requiring payment of taxes in order to establish adverse possession is that by paying taxes on the land a public record is made which gives notice to the owner that his land is being claimed adversely. This purpose cannot be fulfilled if the possessor can wait any number of years, even up to the necessary seven, and then pay the taxes in one lump sum by redeeming. Under such circumstances the owner would get no current notice of adverse claims against his property, and may not until it is too late to do anything about it.[20]

While, as above stated, we have not passed on whether the redemption amounts to payment of taxes for the purpose of building title by adverse possession, expressions of this court clearly indicate an inclination to the contrary. In the case of Aggelos v. Zella Mining Co., supra, the court expressly reserved the question as to the effect a redemption might have, but held that the purchase at a tax sale did not amount to the payment of taxes for such

14. Christensen v. Munster, Utah, 266 P.2d 756. This case holds that the record owner can interrupt the period of adverse possession by paying the taxes and it is immaterial whether or not the adverse claimant pays.

15. See Christensen v. Munster, supra.

16. Laas v. All Persons Claiming Any Interest, supra.

17. Walsh v. Certain Lands, supra.

18. Robertson v. Bachmann, supra.

19. Pueblo de Taos v. Gusdorf, supra.

20. See McDonald v. McCoy, supra.

purpose,[21] saying: " 'It therefore appears that *except for the tax deed which appellant obtained from the county, taxes were paid for. only four years before the commencement of the quiet title action, and not for seven as required by statute.* It has been repeatedly held in other jurisdictions that the purchase of a tax title or *redemption from a tax sale* cannot be considered as payment of taxes within the meaning of statutes similar to ours.' " (Emphasis added.) Then quotes from Robertson v. Bachmann, supra, which adopts the majority rule. To hold now that redemption is equivalent to payment of taxes would be contrary to the policy announced in the expressions just referred to, and would necessitate a superficial distinction between a redemption and the purchase at a tax sale where there appears to be no basis in logic or principle for making such distinction.[22]

For the foregoing reasons we hold that the redemption of the property from the county in 1949 did not meet the requirement of the statute as to the payment of taxes for the years 1947 and 1948, and therefore the trial court properly held that the plaintiffs failed to establish their claim to the land in question by adverse possession.

The refusal of the trial court to grant a motion of the plaintiffs to reopen to present additional evidence, after he had rendered his decision, was well within his discretion. Other errors assigned have been considered but it is deemed unnecessary to discuss them.

The decree quieting title in defendant, conditioned on reimbursement of plaintiffs as provided in the judgment of the trial court, is affirmed. Costs to respondent.

McDONOUGH, HENRIOD and WADE, JJ., and LEWIS, District Judge, concur.

WOLFE, C. J., being disqualified does not participate herein.

---

21. This holding was reaffirmed in Jenkins v. Morgan, 113 Utah 534, 196 P.2d 871, 874.

22. Robertson v. Bachmann, supra.