[No. 2105]

## FRANK L. KNOX, G. S. HOLMES, AND FRED L. FOSTER, RESPONDENTS, v. W. M. KEARNEY, AS STATE ENGINEER OF THE STATE OF NEVADA, AND L. TANNER, AS WATER COMMISSIONER OF THE MUDDY RIVER DISTRICT, APPELLANTS.

[142 Pac. 526]

1. PLEADING—COMPLAINT—CONCLUSIONS OF LAW.

An allegation in the complaint, in an action to enjoin the state engineer and a district water commissioner from preventing the water appropriated by plaintiffs from flowing into their irrigation ditch, that defendants had, without authority of law therefor and without right closed the headgate of plaintiffs' ditch was not objectionable as a mere conclusion of law, where another section of the complaint set forth plaintiffs' appropriation of the water prior to the passage of the first comprehensive water act, and alleged the consummation of its diversion and application to a beneficial use on or before the year 1890, and that prior thereto no other person had acquired any right to the water thus appropriated.

2. PLEADING—DEMURRER—PRESUMPTION.

In determining points of law raised by a demurrer, facts pleaded in a complaint are considered as true.

3. PLEADING—DEMURRER—PRESUMPTION.

Where it did not appear from the complaint, in an action to enjoin the state engineer and a district water commissioner from shutting off the water from plaintiffs' irrigation ditch, that there were other users of the water constituting the source of supply, or others having a right to use all or part of the water which plaintiffs claimed to have appropriated, the existence of other appropriators could not be presumed in support of a demurrer to the complaint.

4. WATERS AND WATERCOURSES—IRRIGATION—INJUNCTION.

Injunction will lie to restrain the state engineer and a district water commissioner from unjustly and unreasonably depriving appropriators of water for irrigating their lands; no redress being afforded the appropriators by the water law of 1913 (Stats. 1913, c. 140), inasmuch as the district court cannot take cognizance of the proceedings of the state engineer by way of appeal as therein prescribed, since the constitution restricts the appellate jurisdiction of such court to cases appealed from justices' courts and municipal tribunals.

5. PLEADING—COMPLAINT—CONSTRUCTION.

In an action to enjoin the state engineer from shutting off water from an irrigation ditch, the presumption that since the engineer is a public official his acts were legal is not available in support of a demurrer to the complaint.

6. EVIDENCE—PRESUMPTION—OFFICIAL DUTY.
    The law presumes the regularity of official acts of public officers, except where it is sought by such presumption to take away personal rights of a citizen, or deprive him of his property or place a charge or lien thereon.

7. INJUNCTION—COMPLAINT—SUFFICIENCY—VESTED RIGHTS.
    The complaint in an injunction suit was not demurrable, where it set forth a prior vested right and interference with such right and the injury attendant thereon.

8. INJUNCTION—COMPLAINT—SUFFICIENCY AGAINST DEMURRER.
    A complaint for an injunction is not demurrable where, on any state of proof which its allegations would justify, the court could grant an injunction.

9. PLEADING—COMPLAINT—INFERENCES OF LAW.
    That a pleading may contain inferences of law does not render it demurrable, where it alleges facts sufficient to show a cause of action.

NORCROSS, J., dissenting.

APPEAL from the Fourth Judicial District Court, Clark County; *Peter J. Somers,* Judge presiding.

Action for an injunction by Frank L. Knox and others against W. M. Kearney, as State Engineer, and L. Tanner, as Water Commissioner of Muddy River District. From orders overruling a demurrer to the complaint and refusing to set aside a temporary injunction, defendants appeal. **Affirmed.**

*F. R. McNamee* and *Leo A. McNamee,* for Appellants.

*Geo. B. Thatcher,* Attorney-General, *O. J. Van Pelt,* District Attorney, *Chas. E. Foxley,* and *F. A. Stevens,* for Respondents.

By the Court, MCCARRAN, J.:

This is an appeal from an order overruling demurrer to the plaintiff's complaint and from the order refusing to set aside a temporary injunction. The injunction was granted *ex parte* under the verified complaint.

The complaint on which the injunction was granted is some eight paragraphs in length.

The first paragraph alleges that W. M. Kearney is the duly qualified and acting state engineer of the State of Nevada, and that the defendant, L. Tanner, is acting as

water commissioner for the Muddy River water district.

Paragraph 2, in substance, alleges that the plaintiffs are the owners of certain parcels of land situated in the Muddy River Valley in Clark County, State of Nevada, describing said lands by subdivisions.

Paragraph 3 sets forth the necessity of water to cultivate said lands.

Section 4 is as follows: "That more than 200 acres of said land has been continuously, since the year 1890 by said plaintiffs, and their grantors, as aforesaid, irrigated and rendered of great value, by the use and appropriation of 300 miner's inches of the water of the stream known as the Muddy River flowing in a southeasterly course through the Muddy Valley in its natural channel, and that 300 miner's inches of the waters thereof is necessary for the use of the said plaintiffs, and the irrigation of their said lands, as aforesaid."

Section 5 of the complaint is as follows: "That the grantors and predecessors of said plaintiffs, to wit, prior to the year 1890, constructed a dam and flume in, on and upon the Muddy River above the lands herein described with a water ditch of a capacity sufficient to carry 300 miner's inches of water, connecting said dam with said described lands of plaintiffs with sufficient laterals to irrigate the same, and thereafter from year to year during the irrigating season the said plaintiffs and their grantors and predecessors in interest diverted from the said Muddy River by means of said dam and flume, through the said irrigating ditch, and appropriated to beneficial use, in the irrigation of the lands above described, 300 miner's inches of water, which said amount of water is now and at all times heretofore has been, necessary in the irrigation of the crops of plaintiffs in, on and upon the lands above described, and that at the time of said appropriation no other person or persons had acquired any right to said 300 inches of water, and the said water was flowing in said Muddy River unappropriated and unused and was appropriated by the grantors of plaintiffs."

Section 6, in substance, alleges that the defendants without authority of law therefor and without right have from time to time entered upon the premises of plaintiffs and closed the headgate of their flume and ditch and prevented sufficient water, and at times any water, from flowing out of the Muddy River into the ditch, and that by reason thereof the crops of plaintiffs have suffered from want of water, and unless the defendants refrain from their acts in preventing the water so appropriated to flow in their ditch, their crops will die and the land become valueless.

Section 7 alleges, in substance, that the defendants without authority of law notified the plaintiffs in writing that within ten days from the 22d day of July, 1913, the defendants would close the ditch of the said plaintiffs and prevent plaintiffs from diverting or using any water from the Muddy River, so appropriated by plaintiffs, and would not permit plaintiffs to divert any water whatsoever from the Muddy River and, it is further alleged, that the defendants threatened and will, unless prevented by order of court, shut off and prevent plaintiffs from diverting the water from the said river, and that the same is of great and irreparable damage to plaintiffs, and further alleging that plaintiffs have no speedy and adequate or other remedy at law.

Section 8 sets forth the nature of the crop raised on said land.

Pursuant to this complaint the district court issued an injunction *pendente lite.* Defendants moved in the court below to dissolve the injunction on the following grounds:

"(1) That the court has no jurisdiction of the subject of the action or of the person of the defendants or either of them; (2) that the complaint does not state facts sufficient to constitute a cause of action or to warrant the continuance of said injunction in force; (3) that the law does not justify the said injunction, or a continuance in force thereof."

At the time of filing the motion to dissolve the injunction, defendants also demurred to the complaint.

[1] It appears from the complaint that appellants are proceeded against in this action in their official capacity as state engineer and water commissioner of the Muddy River water district. It is contended, among other things, that the allegation "that appellants have, without authority of law therefor and without right,  *  *  *  closed the headgate of their ditch" is a mere conclusion of law, and not sufficient to warrant the issuance of an injunction. This, in our judgment, is untenable, inasmuch as the plaintiffs by section 4 set forth the appropriation of water prior to the passage of the first comprehensive water act enacted in this state. By the allegations of section 4 of the complaint the diversion and application to beneficial use is declared to have been consummated on or about the year 1890, and it is specifically alleged that at the time of said appropriation no other person or persons had acquired any right to the waters thus appropriated and in use. These specific allegations, constituting the fundamentals of vested rights, are sufficient in themselves, if supported by evidence and in the absence of a preponderance of proof to the contrary, to warrant the judgment of a court of competent jurisdiction in decreeing a vested right.

By sections 6 and 7 of the complaint the allegations of specific interference with a vested right are set forth.

It is not alleged in the complaint that any water district has been created by the state engineer under the act of 1913, or any other act; nor is it alleged that an adjudication of either the plaintiff's water rights or of the relative rights on the Muddy River district has been established by the engineer. As to whether or not these allegations if affirmatively set up by way of answer would constitute a sufficient defense to defeat the contention of appellants is not before us at this time.

[2] For the purpose of considering points of law raised by a demurrer, facts pleaded in a complaint are considered as true. (*Levy* v. *Ryland*, 32 Nev. 463, 109 Pac. 905.)

[3] Courts, in considering demurrers, will not presume

beyond the declaration of the complaint in order to either sustain the complaint or hold the demurrer good. Therefore, it does not appear from the complaint in this case, which is all that is to be considered as to the sufficiency of the demurrer, that there are other water users in the Muddy River, or others who have the right to use all or any part of the 300 inches alleged to be appropriated.

We are referred to the case of *McLean* v. *Farmers' High Line Canal Co.*, 44 Colo. 184, 98 Pac. 16, but in that case the plaintiffs alleged that they owned certain *adjudicated* priorities. This is a direct allegation that their water rights have been adjudicated by the courts under the water law of Colorado prior to the commencement of the action. These adjudications under the decisions in Colorado must, of necessity, have been made as against other water users. In that respect the court, in passing upon the sufficiency of the complaint, said:

"By section 2448, 1 Mills Ann. St., it is made the duty of the superintendent of irrigation to distribute the waters in his division in accordance with the rights of priority of appropriation as established by the judicial decrees entered in the several water districts, included in such division, and that he shall have general control over the water commissioners of the districts embraced in his division. The several decrees of the water districts within a water division are to be treated as one, and the water distributed accordingly. It is the duty of the superintendent of a water division to make such distribution by direction to the water commissioners under his control. (*Lower Latham D. Co.* v. *Louden I. C. Co.*, 27 Colo. 267, 60 Pac. 629, 83 Am. St. Rep. 80.) The law presumes that public officials discharge their duties in conformity with the statutes, and the burden of showing to the contrary rests with him who relies thereon. * * * It appearing, then, from the averments of the complaint that the acts of the defendants of which plaintiffs complain were committed by them for the purpose of supplying ditches with water in district No. 2, the presumption

attaches that they ordered the headgates of plaintiff's ditches to be closed so as to supply senior priorities further down the stream; so that the averments of the complaint to which we have referred do not state any facts from which it is made to appear that the acts of the water officials which the plaintiff sought to enjoin were not necessary in the discharge of their official duties." (*McLean* v. *Farmers' High Line Reservoir Co.,* 44 Colo. 190, 98 Pac. 18.)

The complaint in the case in question cannot be subjected to the same criticism as that referred to in the McLean case, *supra.* In this case there is no allegation of other appropriators, and the court will not presume that there may be other appropriators.

[4–5] It is not shown that there are any adjudications decreeing vested water rights in the Muddy River district, nor do these plaintiffs seek to establish their right against the defendant by reason of any decree or adjudication. Moreover, if any determination had, prior thereto, been made by the state engineer as to water rights in the Muddy River district, they would not be such as would preclude the plaintiffs in this case from filing their action under the allegations therein set forth and securing temporary injunction from an act of the engineer which might unjustly deprive them of their vested rights. An action of this nature is the only means of redress available to plaintiffs to protect them from unreasonable or unjust acts on the part of either the state engineer or the water commissioners, because no redress is afforded them by the water law of 1913, inasmuch as the district court could not take cognizance of the proceedings of the state engineer by way of appeal as therein prescribed; the constitution restricting, as it does, the appellate jurisdiction of the district court to cases appealed from justices' court and municipal tribunals. This is not such a case that the allegations of the complaint will be overthrown by the presumption that the state engineer, being a public official, his acts

are in compliance with the law. Nor will it be presumed to the extent of setting aside the complaint that in his acts, or threatened acts, the state engineer is performing his duty. Presumptions are not to be entertained in favor of a public official to overthrow the allegations of a complaint, in a case such as this, where, if his acts were authorized at all, it was under a naked statutory power, and apparently had the effect of divesting a citizen of a valid property right. (*Kean* v. *Cannovan,* 21 Cal. 292, 82 Am. Dec. 738; *Watkins* v. *Havighorst,* 13 Okl. 128, 74 Pac. 318.)

[6] As was said by the Supreme Court of Oklahoma in the case of *Board of Education* v. *Boyer,* the law presumes the validity and regularity of the official acts of public officers within the line of their official duty, as it does the regularity of the acts of private persons, and this presumption obtains until overcome by proofs, as to all acts involving the performance of ministerial or administrative duties, except in a case where it is sought to take away personal rights of a citizen or deprive him of his property or place a charge or lien thereon. (*Board of Education* v. *Boyer,* 5 Okl. 231, 47 Pac. 1090.)

[7] The complaint sets forth a prior vested right, and an interference with that right. It also sets forth the injury attendant upon the interference. This, of itself, in our judgment, was sufficient to warrant the court in denying the motion to set aside the injunction and overruling the demurrer.

Mr. Story, in his work on Equity Jurisprudence, in discussing how far a court of equity has jurisdiction to interfere in cases of public functionaries exercising special public trusts, says: "The court will not interfere to see whether any alteration or regulation which they may direct is good or bad; but, if they are departing from that power which the law has vested in them, if they are assuming to themselves a power over property which the law does not give them, this court no longer considers them as acting under authority of their commission, but treats them, whether they be a corporation or individual,

merely as persons dealing with property without legal authority." (Story's Equity Jurisprudence, vol. 2, 12th ed. 148.)

[8] As we have already stated, matters of defense which might be relied upon by defendants in this case cannot be assumed by the court as against the complaint, unless they appear directly, and a complaint for an injunction is not demurrable, if, on any state of proof which its allegations justify, the court could grant an injunction. (22 Cyc. 934.)

[9] The fact that a pleading may contain inferences of law will not warrant the sustaining of a demurrer against it if there be sufficient facts alleged to show a cause of action. Mixed statements or declarations and legal conclusions of law and of fact will not vitiate a complaint if it contains sufficient facts to constitute a cause of action. (*Clark* v. *Chicago R. R. Co.*, 28 Minn. 71, 9 N. W. 75.)

The complaint in this case, in our judgment, contains sufficient allegations of fact to warrant the court in granting a temporary injunction in the first instance and in denying appellants' motion to dissolve when the same was made.

The orders of the trial court in overruling the demurrer and in denying the motion to dissolve the temporary injunction should be sustained.

It is so ordered.

TALBOT, C. J.: I concur.

NORCROSS, J., dissenting:

It appears from the complaint that the appellants, respectively, are proceeded against in their official capacity as state engineer and water commissioner of the Muddy River water district. There is no specific allegation in the complaint that a water district has been established in pursuance of law for the said Muddy River. The fact, however, that the appellants are sued in their official capacities warranted the court below, and warrants this court, in assuming, for the purposes of the case,

that a water district had been established. Section 53 of the water law of 1913 (Stats. 1913, p. 206) provides: "The state engineer shall divide the state into water districts to be so constituted as to insure the best protection for the water user, and the most economical supervision on the part of the state. Said water districts shall not be created until a necessity therefor shall arise and shall be created from time to time as the priorities and claims to the streams of the state shall be determined."

By the provisions of the statute a water district shall not be created until the necessity therefor shall arise, and not until the priorities on the stream or stream system within the district shall have been determined.

It is not contemplated that a water district will be established unless there are a number of water users upon a stream or stream system. When a water district has been established, it is made the duty of the state engineer to divide, or cause to be divided, the waters of the natural stream or stream system within the district among the several ditches "according to the rights of each respectively, in whole or in part, and to shut or fasten, or cause to be shut or fastened, the headgates or ditches,  *  *  *  as may be necessary to insure a proper distribution of the waters thereof.  *  *  * Whenever, in pursuance of his duties, the water commissioner regulates the headgate to a ditch  *  *  * it shall be his duty to attach to such headgate  *  *  * a written notice properly dated and signed, setting forth the fact that such headgate  *  *  * has been properly regulated and is  *  *  * under his control, and such notice shall be a legal notice to all parties interested in the diversion and distribution of the water of such ditch.  *  *  * " (Section 54.)

There is no specific allegation in the complaint that the relative rights of appropriators or users of the waters of the Muddy River have been determined in accordance with the provisions of the water law of 1913, which was and is a prerequisite to the establishment of a water district. That fact, however, must be assumed from the

fact that one of the appellants is sued in his official capacity as water commissioner of such water district. Conceding that the complaint alleges an appropriation of 300 miner's inches of water of the waters of the Muddy River, it does not allege that such appropriation is prior in time or superior in right to other appropriators of the waters of said stream, nor that the relative rights of respondents have been determined in accordance with law as superior to other appropriators of the waters of said stream. The allegation in the complaint "that at the time of said appropriation no other person or persons had acquired any right to said 300 miner's inches of water, and the said water was flowing in said Muddy River unappropriated and unused, and was appropriated by the grantors of plaintiffs," does not amount to an allegation that the respondents were such appropriators prior in time and right to other appropriators of the waters of said stream, and that the same has been so determined in accordance with the provisions of the statute.

The allegation that the appellants have, "without any authority of law therefor and without right, * * * closed the headgate of their flume ditch" is a mere conclusion of law. Before a court is authorized in issuing an injunction against the officials of a water district the facts should be clearly alleged in the complaint showing the establishment of said district, the determination of the relative rights of water appropriators or users, and that such officials are acting in violation of such established rights. In such a case water appropriators or users whose rights have been determined in accordance with the statute to be prior in time, and whose rights may be affected by this suit, are necessary parties.

The case of *McLean* v. *Farmers' H. L. C. & R. Co.*, 44 Colo. 184, 98 Pac. 16, is substantially on all fours with the case at bar, and supports the position I have taken.