WILDMAN v. ENFIELD.

Opinion delivered October 3, 1927.

1. TAXATION—LIMITATION TO ACTIONS TO SET ASIDE TAX SALE.—Crawford & Moses' Dig., § 10119, requiring actions to test the validity of taxes or proceedings to avoid tax sales to be brought within two years from the date of the sale, does not apply as to jurisdictional matters or vital defects in proceedings relating to the tax sale, but only to irregularities.

2. TAXATION—FAILURE TO ATTACH WARRANT TO TAXBOOK.—An action to set aside a tax sale for failure of the clerk to attach a warrant authorizing the collection of taxes, as required by Crawford & Moses' Dig., § 10016, is not within § 10119, prescribing a two-year statute of limitation; the defect complained of being more than a mere irregularity.

3. TAXATION—FAILURE TO ATTACH WARRANT.—Failure of the county clerk to attach to the taxbook a warrant authorizing the collector to collect taxes assessed, as required by Crawford & Moses' Dig., § 10016, held to invalidate the tax sale.

4. EVIDENCE—PRESUMPTION OF PERFORMANCE OF DUTY.—While ordi-
narily officers are presumed to perform their duty, such pre-
sumption will not prevail where it would operate to take one's
property away from him, where the proceedings of the officer
are *ex parte*, and where the statute expressly provides that cer-
tain duties shall be performed, which are jurisdictional.

Appeal from Cleburne Chancery Court; *Lyman F.
Reeder*, Chancellor; affirmed.

*M. E. Vinson*, for appellant.

*Mortimer Frauenthal* and *George W. Reed*, for
appellee.

MEHAFFY, J. This suit was begun in the Cleburne
Chancery Court to set aside a tax sale made by the
collector of said county June 12, 1922, and especially
the sale of the northeast quarter of the southwest quar-
ter and the southeast quarter of the southwest quarter
of section 14, township 9 north, range 10 west, and to
cancel whatever right or claim defendant acquired from
the State by virtue of such sale.

The plaintiff alleged that the tax assessor failed
to indorse the special oath upon the assessment list for
the year 1921, as provided for by § 9874, C. & M. Digest.
Second, that the county clerk of said county failed and
neglected to attach to the taxbook a warrant authorizing
the collector to collect the taxes assessed against the
lands described in said taxbook for the year 1921, as
required by § 10016, C. & M. Digest.

Defendant answered, denying the material allega-
tions of plaintiff's complaint, and set up a claim under
a donation certificate, and alleged that the value of the
use of the lands was no more than the expense incurred
by defendant. The defendant, appellant here, also urges
that plaintiff is barred by the statute of limitations con-
tained in § 10119 of C. & M. Digest.

The circuit clerk testified that he was the clerk and
custodian of the records of Cleburne County. He
examined the assessment record for 1921, and testified
that he found no affidavit of assessor of that time, as
provided by § 9874, C. & M. Digest. He also testified
that he had examined the real estate taxbook for 1921

and found that it did not contain warrant of county clerk authorizing the sheriff to collect taxes of 1921, attached thereto. He found on the book the lands described in plaintiff's complaint, and found that said lands were advertised as shown by the record and sold to the State for taxes June 12, 1922, for taxes of 1921. He also testified that he had examined the real estate taxbook for the year 1922 and found that the clerk's warrant was not attached thereto authorizing the sheriff to collect the taxes. The warrant authorizing the sheriff to collect was not attached to the taxbook for said county for the years 1923 and 1924, and does not appear on either record.

On cross-examination witness said he had not examined the personal as well as the real property taxbooks for 1921, and subsequent years. That he had examined these records, and found that the clerk's warrant authorizing sheriff to collect said taxes is not attached to either record. That he did not know whether or not any such warrant was attached to any records mentioned at time same were placed in hands of collector, except the year 1925, but knows that no such warrant was attached. That his attention had been called to warrants for some years typewritten on sheets of legal paper and attached to the taxbook by pasting in the book or sticking them in the book with mucilage. That that had been done sometimes in that county. That the books he had examined were permanent records in his office and used by the collector in collecting taxes on real property in the county.

Robert Wildman testified that he was in possession of the land described in plaintiff's complaint, holding under a certificate of donation issued to him by the Commissioner of State Lands the 21st day of June, 1924.

The court found that the tax sale was void, and decreed a cancellation of such sale and quieted title to said lands in appellee, who was plaintiff in the court below. An appeal was prayed and granted.

It is unnecessary to set out more of the testimony, because the only questions for this court to determine

are whether the suit was brought in time, and whether there was a failure of the clerk to attach the warrant authorizing the collector to collect taxes, and, if said warrant was not attached, whether this made the sale void.

Section 10119 provides: "All actions to test the validity of any proceeding in the appraisement, assessment or levying of taxes upon any land or lot, or part thereof, and all proceedings whereby is sought to be shown any irregularity of any officer, or defect or neglect thereof, having any duty to perform, under the provisions of this chapter, in the assessment, appraisement, levying of taxes, or in the sale of lands or lots delinquent for taxes, or proceedings whereby it is sought to avoid any sale under the provisions of this chapter, or irregularity or neglect of any kind by any officer having any duty or thing to perform under the provisions of this chapter, shall be commenced within two years from the date of sale, and not afterward."

It is contended by the appellant that this statute is a bar to plaintiff's cause of action, because it was not begun within the two years. We do not think that appellant is correct in this contention. This court has decided several times that the two-year statute of limitations, relied on by appellant in this case, has no application as to jurisdictional matters or vital defects in the proceedings relating to a tax sale, but only to irregularities.

The failure of the clerk to attach his warrant authorizing the collector to collect taxes, as provided in § 10016, is not a mere irregularity but is such a defect that it is not cured by the two-year statute of limitations, relied on by appellant. *Hewitt* v. *Ozark White Lime Co.,* 120 Ark. 528, 180 S. W. 199.

Appellant insists that, when the assessment of taxes is shown, the burden is on the party assailing to prove they are illegal, and relies on *Memphis L. & T. Co.* v. *St. Francis Levee Dist.*, 64 Ark. 258, 42 S. W. 763. The question decided in that case was a wholly different question from the one presented here, and the rule announced in that case has no application. In that case

some parts of the record were read in evidence, but they did not purport to be a complete record, and there was no evidence of the contents of the record not read and no proof of what they did or did not contain. But in this case the law requires the warrant of the clerk to be attached, and we think the-proof sufficiently shows that no warrant was attached. At least the chancellor evidently found from. the proof that no warrant was attached, and we cannot say that his finding is against the preponderance of the evidence.

While it is true ordinarily that officers are presumed to perform their duty, we do not think that this presumption is sufficient to take one's property away from him. It has been said:

"I have no doubt whatever that it is essential, in order to give the surrogate jurisdiction of the persons of the heirs, that this provision of the statute should be strictly complied with. It is the only process to bring them into court, and without it they are without their day in court. And I think that notice for the full time required by the statute is equally indispensable; that short notice would be as no notice. And I think it was a fact which the defendant in this case was bound affirmatively to establish." *Sheldon* v. *Wright,* 7 Barb. (N. Y.) 39.

The Missouri court, in deciding a similar question, said:

"I will now pay some attention to the general doctrine invoked by the plaintiff's counsel. I hold it is true that, in *ex parte* and summary proceedings, the law must be strictly pursued. In the case of *McClung* v. *Ross* (5 Wheat. 116, 5 L. ed. 46) it was decided by the Supreme Court of the United States that, under the laws of Tennessee, where lands are sold by a summary proceeding for the payment of taxes, it is essential to the validity of the sale and of the deeds made thereon that every fact necessary to give the court jurisdiction should appear upon the records." *Morton* v. *Reeds,* 6 Mo. 64.

This court said, in one of the cases referred to: "The statutory presumption in favor of a conveyance

of lands forfeited for taxes, executed by the Commissioner of State Lands, has been overcome in this case by proof that the land was not assessed by a sufficient description to identify the land.'' *Cotton* v. *White,* 131 Ark. 273, 199 S. W. 116.

The presumption that an officer has done his duty is not sufficient to justify depriving one of his property, where the proceedings of the officer are *ex parte* and where the statute expressly required that certain duties shall be performed which are jurisdictional. However, in this case, as we have already said, the court was justified in finding that the warrant of the clerk was not attached.

Since we hold that the attaching of the warrant by the clerk was jurisdictional, and that the court's finding that this warrant was not attached is not against the preponderance of the testimony, it follows that the case must be affirmed, and it is so ordered.