EQUITABLE LIFE & CASUALTY INS. CO. v.
SCHOEWE et al.

No. 6525.   Decided Dec. 30, 1943.   (144 P. 2d 526.)

*Irvine, Skeen & Thurman,* of Salt Lake City, for appellant.

*Thomas & Thomas,* of Salt Lake City, for respondents.

MOFFAT, Justice.

This is an action to quiet title to a parcel of land in Salt Lake City. Plaintiff and appellant bases its claims of title on a tax deed issued by the Salt Lake County Auditor on May 29, 1941, at a May sale for the delinquent taxes for 1936 with taxes for the subsequent years added. The tax sale certificate shows that the preliminary tax sale occurred January 11, 1937.

Respondents filed separate answers. Each denied appellant's claims of ownership and asked that title to their interests be quieted. Ida Schoewe alleged that she is the owner, subject to a contract of sale which had been assigned by the contractee to defendant Capitol Building Company, a corporation. Both defendants offered to do equity and tendered reimbursement to plaintiff, and deposited in court the amount paid by plaintiff for its tax deed with interest thereon until date of entry of judgment. By stipulation, Salt Lake County was made a defendant and it filed a disclaimer. Upon the evidence adduced, the court made findings as to irregularities in tax proceedings and concluded that the tax deed was void and decreed title in defendants according to their respective interests upon the tender of reimbursement made by them.

Appellant assails the judgment and decree and certain findings and conclusions of the court by four assignments of error. Respondents seek to have the judgment affirmed by several cross-assignments of error.

The trial court found that the County Auditor's affidavits were not executed and attached to the assessment roll for the year 1936 as required by 80-7-9 and 80-8-7, R. S. U. 1933. While appellant attacks other findings as to alleged irregularities in tax proceedings, it does not assail this particular finding. We think that this finding, being amply supported by evidence and the admissions of the County Auditor, is determinative of the issues as to the validity of the tax title, and requires affirmance of the judgment. It is not necessary, therefore, to discuss the several errors assigned by appellant nor the other cross-assignments of error urged by respondents.

By the express terms of 80-7-9, R. S. U. 1933 (now U. C. A. 1943), the County Auditor as ex-officio clerk of the county board of equalization, is required to record in a book to be kept for such purposes, "all changes, corrections and orders made by the board; and during its session, or as soon as possible after its adjournment, must enter upon the assessment book all changes and corrections made by the the board, and on or before the first Monday of July must affix his affidavit thereto," whereby the Auditor must swear that he has "kept correct minutes of all acts of the county board of equalization touching alterations in the assessment book, that all alterations agreed to or directed to be made have been made and entered in the book, and that no changes or alterations have been made therein except those authorized." This is sometimes called the "first auditor's affidavit of authentication of the roll."

80-8-7, R. S. U. 1933 (now U. C. A. 1943), requires the County Auditor to deliver the assessment roll to the County Treasurer with his affidavit attached thereto indicating that he has performed the duties required by certain statutory provisions and that he has made the corrections directed by the State Tax Commission and the county board of equalization. The form of the affidavit it set out in the statute, and it includes the Auditor's oath that he has corrected the assessment roll, and has "made it conform to the

requirements of the county board of equalization and state tax commission;" and that he has "reckoned the respective sums due as taxes" and that he has "added up the columns of valuations, taxes and acreage as required by law."

In Telonis v. Staley, recently decided by us on rehearing, 144 P. 2d 513, we hold that these auditor's affidavits are expressly required by the statutes, and that they constitute the original and final official authentication of the assessment roll. We hold that both of these auditor's affidavits are essential, and that both must be executed and attached to the assessment roll. An examination of the evidence in this case clearly shows that the mandates of the statutes above mentioned were not carried into effect.

In 1936 there were thirty-eight assessment books constituting the assessment roll of Salt Lake County. The property in controversy is listed in Book 8. There is no affidavit of any kind executed by the auditor attached to any of these books. In Book 20 there appears the form of the first auditor's affidavit without signature and without jurat, and in Book 21 there appears the form of the second auditor's affidavit, likewise without the signature and without the jurat. The County Auditor testified that there was no statement nor affidavit made by him and attached by him to any of the books except Books 20 and 21. Clearly those statements are not affidavits at all, neither of them being sworn to by anyone. Nor do they refer to any of the other thirty-seven books. There is no reference whatsoever to any of the other books constituting the assessment roll, so that even if these statements had been properly executed as required by law they would not by their terms specifically refer to the other books constituting the assessment roll.

Inasmuch as we have held that the auditor's affidavits must be attached as required by law, to verify the assessment roll and to show that the proper corrections have been made therein, each of the two statutory affidavits should

be placed in each of the several books constituting the assessment roll.

By reason of the failure of the County Auditor to execute and attach his affidavits to the assessment roll as required by the statutes, the tax sale for the year 1936 was invalid, and the tax deed issued to plaintiff and appellant is likewise invalid.

The judgment of the District Court is therefore affirmed. Costs to respondents.

WOLFE, Chief Justice (concurring).

I concur on the ground that the County Auditor's affidavits were not executed and attached to the assessment roll for the year 1936 as required by 80-7-9 and 80-8-7, R. S. U. 1933. However, the affidavits not having been executed and attached, the question of whether the affidavits must be attached to each separate book of the assessment roll is not before us, and hence as to that I express no opinion.

McDONOUGH and WADE, JJ., concur subject to the limitations expressed by the Chief Justice.

LARSON, Justice.

My views on the question here involved are set forth in my dissenting opinion in *Telonis* v. *Staley,* 104 Utah 537, 144 P. 2d 513, just decided by this court. But the decision in that case is now the law in this jurisdiction, and I therefore concur in the opinion herein.