TREE v. WHITE et al. (FIRST SECURITY BANK OF UTAH, Intervener).

No. 6925.   Decided July 27, 1946.   (171 P. 2d 398.)

See 61 C. J., Taxation, sec. 1995; 51 Am. Jur., 924.

*E. J. Skeen* and *J. D. Skeen,* both of Salt Lake City, for appellants.

*B. C. Call,* of Brigham, and *Cyrus G. Gatrell,* of Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff sued to quiet title, alleging ownership of the lands in controversy, in general terms; also that defendants

claim some interest in or title thereto adverse to plaintiff. Defendants denied plaintiff's allegations of ownership, alleged ownership in themselves and that they acquired a tax title from Box Elder county. After the general demurrer to the Counterclaim was overruled, plaintiff filed a reply denying that the various alleged steps in tax proceedings had been conducted according to law or at all.

The trial court made findings of fact and conclusions of law to the effect that the tax proceedings prior to the May sale were regular, but that there was no valid notice of the May sale and that consequently the county never acquired the right to sell the lands at private sale to a stranger to the title. See *Home Owners' Loan Corp.* v. *Stevens,* 98 Utah 126, 97 P. 2d 744. The court ordered plaintiff's title quieted on condition that plaintiff deposit in court for defendants the amount of money with interest paid by defendants to the county for a quitclaim deed. Plaintiff complied with such requirement, the decree in favor of plaintiff was entered, and defendants prosecuted this appeal.

Appellants seek to reverse the decree primarily on the ground that the court found that the tax proceedings prior to the May sale were regular. Hence, they argue, the court should have also found that plaintiff's grantors were divested of title and that plaintiff had no title to quiet. By cross-assignments of error, the respondent alleges that the findings on which appellants rely for reversal of the decree are contrary to the evidence, and that if the trial court had made correct findings with respect thereto, the court would still have been required to enter the same decree in favor of plaintiff.

We direct our attention to the cross-assignments of error urged by plaintiff, for the reason that if the trial court made erroneous findings we will not reverse the judgment if the findings which should have been made would support the judgment entered.

"A decision right in result will not be reversed even though the reason stated for it is wrong." 3 Am. Jur., p. 563.

See also *Rosehill Cemetery Co.* v. *Chicago,* 352 Ill. 11, 185 N. E. 170, 87 A. L. R. 742 and 3 Am. Jur. p. 367, Sec. 825.

"The appellant may not prevail unless there has been error in the result as well as error in the reasoning." *Dayton Power & Light Co.* v. *Public Utilities Comm.,* 292 U. S. 290, 54 S. Ct. 647, 652, 78 L. Ed. 1267.

The first proposition urged by respondent is that defendants are not entitled to prevail because defendants' counterclaim fails to state a cause of action. Defendants pleaded ownership in themselves generally, but such allegation was followed by specific averments that the title claimed by defendants is a tax title, and that such title was derived by specified tax proceedings. Not all of the essential steps were pleaded. In *State* v. *Rolio,* 71 Utah 91, 262 P. 987, this court held that specific allegations as to source of title control over general allegations. In *Bean* v. *Fairbanks,* 46 Utah 513, 151 P. 338, 340, it is stated that

"The defendants could have averred ownership in general terms, and then, to support the allegation, could have made proof of a tax title,"

but that when a person relies on a tax title and pleads ownership founded on tax title, he must show by his pleadings that every essential step in the tax proceedings to divest the owner of title has been conducted according to law. See also *Tintic Undine Mining Co.* v. *Ercanbrack,* 93 Utah 561, 74 P. 2d 1184. In defendants' attempt to plead a tax title, they failed to allege that the two auditors' affidavits required by Secs. 80-7-9 and 80-8-7, R. S. U. 1933, were executed and attached to the assessment roll. Hence, a plea as to performance of at least two of the essentials in the statutory proceedings, is lacking.

Assuming that defendants had fully pleaded all of the required steps in tax title proceedings, which respondent expressly denies, respondent claims that the evidence shows that at least *some* of the essential steps to bring about a valid

sale for taxes were never taken. We are here dealing with proceedings which occurred prior to the 1939 amendment to the statutes. See 80-10-32 to 36 and 80-10-66 to 68, U. C. A. 1943. It is abundantly clear that there was no evidence that both of the auditor's affidavits were attached to the assessment roll. The proof shows that at the time of trial only one was attached. In *Telonis* v. *Staley,* 104 Utah 537, 144 P. 2d 513, we held that the auditor's affidavit which was not attached to the assessment roll in that case was essential to authenticate the tax roll. In *Equitable Life & Casualty Ins. Co.* v. *Schoewe,* 105 Utah 569, 144 P. 2d 526, 527, we said:

"We hold that both of these auditor's affidavits are essential, and that both must be executed and attached to the assessment roll. An examination of the evidence in this case clearly shows that the mandates of the statutes above mentioned were not carried into effect."

Defendants concede that one of the affidavits was missing at the time of trial. However, they contend that such fact alone would not prove that both were not in fact properly executed and physically attached at the time they were required to be executed and attached. Appellants say that an officer is presumed to do his duty, and that by reason of such presumption, notwithstanding the affidavit in question was not attached to the roll at the time of the trial, this court should presume that it was duly executed and attached at the time it should have been attached. It is aptly stated in *Hall* v. *Kellogg,* 16 Mich. 135, 139:

"The law presumes that all officers intrusted with the custody of public files and records, will perform their official duty by keeping them safely in their offices. Where a paper is not found where, if in existence, it ought to be deposited or recorded, the presumption therefore arises that no such document has ever been in existence. *Platt* v. *Stewart,* 10 Mich. 260. Until this presumption is rebutted, it must stand as proof of such non-existence."

It would extend a presumption beyond all rational limitations to assume that documents which cannot be found where

they should be found if executed, were nevertheless properly executed and attached to the proper records. The rule sought to be established by appellants to supply missing links in the alleged chain of tax title, does not accord with the text statement of the law in 10 R. C. L. p. 881:

"* * * But no presumption, it has been held, will be indulged that an officer acting under a naked statutory power, with a view to divest, upon certain contingencies, the title of the citizen, has done his duty, and complied with the law; the purchaser relying upon the execution of the power must show that every preliminary step prescribed by the law has been followed." See also 20 Am. Jur., p. 181, Sec. 175.

The law does not presume that an official has taken those affirmative steps essential to divest a citizen of title to property, to dispense with the necessity for proof of the record of such acts. See *Knox* v. *Kearney,* 37 Nev. 393, 142 P. 526.

What we have here said obviates discussion of the other cross-assignments of error. If the court had entered findings entirely in accord with the evidence, the court would have found that only one of the auditor's affidavits was attached to the assessment roll, and that in consequence there was never a valid sale for taxes. Plaintiff established a record title in herself. The evidence did not warrant any finding that such title had been divested. The judgment and decree is amply supported by the evidence. Defendants were awarded with interest the sums paid to the county for the quitclaim deed. Defendants were in no way prejudiced. The judgment and decree is therefore affirmed. Costs to respondent.

PRATT, WADE, and WOLFE, JJ., concur.

LARSON, Chief Justice (concurring in part, dissenting in part).

I concur. Under the decisions of this court in *Home Owners' Loan Corp.* v. *Stevens,* 98 Utah 126, 97 P. 2d 744;

*Telonis* v. *Staley,* 104 Utah 537, 144 P. 2d 513; and *Equitable Life & Casualty Ins. Co.* v. *Schoewe,* 105 Utah 569, 114 P. 2d 526, no other conclusion could be made. While I personally think the rule therein laid down should be otherwise, the court has spoken, and those decisions are as binding on me as on counsel. I think it better that the rule be left as settled until the legislature shall change the statute than for the courts to keep it in a state of flux.

However, I dissent from the holding that it is necessary for one pleading a tax title to plead each and every step in the tax sale proceeding and allege that they were each and all conducted according to law. We seem to have gone back to rule in *Asper* v. *Moon,* 24 Utah 241, 67 P. 409, and *Eastman* v. *Gurrey,* 15 Utah 410, 49 P. 310, that the tax title claimant must prove these things, but I see no reason why they should not be provable under a general allegation of tax title.