266 P.2d 756

**CHRISTENSEN v. MUNSTER et al.**

No. 8017.

Supreme Court of Utah.

Feb. 11, 1954.

Horace J. Knowlton, Cyrus G. Gatrell, Salt Lake City, for appellant.

Dudley Crafts, Thorpe Waddingham, Delta, for respondents.

HENRIOD, Justice.

Appeal from a judgment quieting title to a parcel of land in defendant, who claimed by adverse possession. Reversed, and remanded with directions to permit the defendants to establish any claims against plaintiff to which they may be entitled. Costs to plaintiffs.

Defendant had agreed to buy the land from the county. It is conceded that the county had no title because of statutory procedural defects. Plaintiff was the record owner, but after defendant negotiated with the county, the land was assessed to the latter. Defendant occupied, grazed stock on and paid the taxes on the land for 5 years, which gave him color of title.[1] In October of the 6th year, plaintiff paid the taxes, and the following month de-fendant paid the amount of the taxes, which the county treasurer tendered back but which defendant refused to accept. On the 7th year, plaintiff tendered the taxes, but the treasurer refused to accept them.

Among other things, our statute requires payment of all the taxes for 7 consecutive years in order to acquire title by adverse possession,[2] and we have said many times that such payment is necessary before the inchoate interest of an adverse possessor might ripen into a fee.[3] The defendant contends, however, that he either paid the taxes, or did what was tanta-mount thereto by tender, although it was accomplished second in point of time, and that by so doing, the continuity of his ad-verse possession persisted. There is au-thority for such contention,[4] as there is contra.[5]

Defendant's authorities by and large assume that a later payment of the *amount* of the tax is a payment of the tax, i. e., that taxes may be paid twice. We prefer to adopt the view espoused by the authorities cited by plaintiff, and we con-clude, therefore and hold that payment by

1. Title 57-6, U.C.A.1953.

2. Title 78-12-12, U.C.A.1953.

3. Smith v. Nelson, 114 Utah 51, 197 P.2d 132; Home Owners Loan Corp. v. Dud-ley, 105 Utah 208, 141 P.2d 160; Jen-kins v. Morgan, 113 Utah 534, 196 P.2d 871.

4. Cavanaugh v. Jackson, 99 Cal. 672, 34 P. 509; Owsley v. Matson, 156 Cal. 401, 104 P. 983; Thomson v. Weisman, 98 Tex. 170, 82 S.W. 503.

5. Morrison v. Kelly, 22 Ill. 609; Bolden v. Sherman, 101 Ill. 483; Maher v. Brown, 183 Ill. 575, 56 N.E. 181; South-ern Lumber Co. v. Arkansas Lumber Co., 176 Ark. 906, 4 S.W.2d 928.

the record owner or his agent of the taxes for one or more years during the 7-year period, prior to any payment thereof having been made by the adverse possessor, not only extinguishes his tax liability, but extinguishes the tax itself and effectively interrupts the continuity of events necessary to perfect title by adverse possession.

We believe that to hold otherwise would be to flee from logic, attach an unrealistic significance to a county official's assessment (possibly erroneous) of land to an adverse possessor instead of to the record owner or other claimant having a statutory right to have land assessed to him,[6] would relax the high type of vigilance of him who seeks to acquire someone else's land by means other than by conveyance. Such a holding also would extend undue sympathy to the adverse user and would fly in the teeth of the statute which makes such user a beneficiary only by strict adherence to well-defined procedural requirements. Were we to hold that a record owner could not protect his title by payment of taxes during one year, there would be no logical reason why he should be protected more by paying them all 7 years. We do not believe that, at least in this state, our holding makes the destruction of old titles and the creation of new ones depend "upon the strongest man or the fleetest horse," as one court puts it. If, perchance, the adverse possessor pays the taxes before the record owner, the latter, nevertheless, may interrupt the continuity mentioned by commencing a title action or by ouster, the onus of which would seem to be no greater than prevails in suits pertaining to land generally.

McDONOUGH, CROCKETT and WADE, JJ., and JONES, D. J., concur.

WOLFE, C. J., being disqualified, does not participate herein.