HENDERSON COUNTY AND LINCOLN K. ANDREWS v. FRANK OSTEEN (NOW DECEASED), HARLEY OSTEEN (IN HIS CAPACITY OF ADMINISTRATOR OF THE ESTATE OF FRANK OSTEEN), AND ELLIE O. CHEATWOOD, UFAULA O. STEPP, HAZEL O. STEVENSON, BLANCHE O. KING, HARLEY OSTEEN, SYLVENE O. SPICKERMAN, GRETA O. ALLEN, JEAN O. HOLDEN, MITCHELL M. OSTEEN, CARL M. OSTEEN, MARTHA SUE O. BROWN, JAMES D. OSTEEN AND THELMA O. TAYLOR AS ALL THE HEIRS AT LAW OF FRANK OSTEEN, DECEASED

No. 7729SC937

(Filed 3 October 1978)

**1. Public Officers § 8.1; Taxation § 41.2— presumption of regularity of official acts—inapplicability to mailing of tax sale notice**

    The presumption of the validity and regularity of acts of public officers in the performance of their duties does not apply to the mailing of notice to a taxpayer of a foreclosure sale of his property as required by G.S. 105-392 (now G.S. 105-375).

**2. Taxation § 41.2— notice of tax sale—recitals in sheriff's deed**

    Recitals in a sheriff's deed to the purchaser at a tax foreclosure sale were at best only secondary evidence that the notice required by former G.S. 105-392 had been mailed to the taxpayer and did not serve to supplant actual direct evidence of the purported mailing.

**3. Taxation § 41.2— tax foreclosure sale—finding that notice not mailed**

    A finding by the trial court in a nonjury trial that notice of a tax foreclosure sale was not mailed to the listing taxpayer as required by former G.S. 105-392 was binding on appeal where it was supported by competent evidence, although there was also evidence from which the court could have inferred that the notice was mailed.

    Judge ARNOLD dissents.

APPEAL by plaintiff from *Smith (David), Judge.* Judgment entered 26 July 1977 in Superior Court, HENDERSON County. Heard in the Court of Appeals 25 August 1978.

The facts in this case are as set out in *Henderson County v. Osteen*, 28 N.C. App. 542, 221 S.E. 2d 903 (1976); review allowed, 289 N.C. 614 (1976), reversed and remanded by the North Carolina Supreme Court in 292 N.C. 692, 235 S.E. 2d 166 (1977); we therefore do not set them out again here.

*Prince, Youngblood & Massagee, by James E. Creekman, for the plaintiffs.*

*James C. Coleman, for the defendants.*

MARTIN (Robert M.), Judge.

On remand, hearing was before Judge David Smith who, after presentation of evidence by movants and plaintiff Lincoln K. Andrews, found as a fact that notice was not mailed in the prescribed manner by the Sheriff of Henderson County and entered an order setting aside the sale of the property. From this order plaintiff Lincoln K. Andrews appealed.

The only question presented to us by this appeal is the sufficiency of the evidence to support the findings of fact by the trial judge. Movants' evidence at trial tended to show two things: 1) that the notice of sale was never received by the decedent or his administrator, and 2) that no record of any such mailing existed in the office of the Sheriff of Henderson County.

Plaintiff's evidence tended to show: 1) that notices and executions on tax judgments were customarily prepared in the office of the Clerk of Superior Court for Henderson County by an assistant clerk who had a reputation for being meticulous in the performance of her duties; 2) that the name of Frank Osteen appeared on a list dated 22 July 1970 from which the notices were prepared by the assistant clerk; 3) that the assistant clerk customarily delivered the envelopes containing notices to the Sheriff's office as a group; 4) that either a deputy sheriff or the Sheriff customarily mailed the notices by certified mail as a group; 5) that at least two notices out of the approximately 130 purportedly

mailed at this time were received by the persons to whom they were addressed; 6) that, although a record of certified mailings was, at this time, kept in the Sheriff's office, and the assistant clerk who prepared the notices used this record to verify that they had been mailed, that record has disappeared without explanation; and 7) that, because of the time and manner of notice given to the United States Post Office for Hendersonville by Harley Osteen, administrator for the estate of Frank Osteen, and because of the post office procedure in the handling of certified mail, the notice of sale would have been returned to the sender (the Sheriff of Henderson County) before Harley Osteen was allowed access to the mail of the decedent.

Movants' proof concerning non-receipt of the notice is competent as some evidence that the letter was never mailed. The absence of any evidence that the letter actually was returned to the Sheriff's office further supports the inference that it was never mailed.

[1] Plaintiff contends that because of the presumption of validity and regularity accorded the acts of public officers in the performance of their duties, the notice should be presumed to have been mailed. If this presumption applies, movants clearly do not have sufficient evidence to rebut it. However, there is one class of cases where this presumption of validity and regularity has consistently been denied with reference to the acts of public officers: to wit, those situations where it is sought to take away personal rights of a citizen or deprive him of his property. 29 Am. Jur. 2d *Evidence*, § 174 (1967); 31A C.J.S. *Evidence* § 146 (1964). This principle was succinctly stated in *Tree v. White*, 110 Utah 233, 238, 171 P 2d 398, 401 (1946):

> The law does not presume that an official has taken those affirmative steps essential to divest a citizen of title to property, to dispense with the proof of the record of such acts. (Citation omitted.)

An earlier statement of the rule was set out by the U.S. Supreme Court in *Ronkendorff v. Taylor's Lessee*, 4 Pet. 349, 7 L.Ed. 882 (1830):

> To devest an individual of his property against his consent, every substantial requisite of the law must be shown to have

been complied with. No presumption can be raised in behalf of a collector who sells real estate for taxes, to cover any radical defect in his proceeding, and the proof of regularity in the procedure devolves upon the person who claims under the collector's sale.

See also *Wildman v. Enfield*, 174 Ark. 1005, 298 S.W. 196 (1927).

In *Price v. Slagle*, 189 N.C. 757, 128 S.E. 161 (1925), the Court stated:

> The Legislature has the power to prescribe the details for statutory foreclosure of the taxpayer's equity of redemption in other ways than by judicial process, and may regulate and declare directory, and not vital, the administrative duties therein, which are to be performed by public officers. It has the power to change or abolish these duties, in so far as they are not basic or jurisdictional. The requirement of notice to the defaulting taxpayer, who is the landowner, may be prescribed and regulated within reasonable limits by the Legislature, but cannot be dispensed with. *Such a requirement is subject to the test of "due process of law."* (Emphasis ours.)

> \*  \*  \*

> Ministerial officers who conduct proceedings in tax sales, and especially purchasers thereat, are required to comply with these provisions which bring notice to the citizen that his land is about to be lost; and if the title to the citizen's land is divested from him, it must be upon a strict and clear compliance with the express limitations and provisions fixed by the law itself. (Citations omitted.)

Fundamental due process compels us to hold in the instant case that no presumption of validity or regularity will suffice in the stead of clear and convincing evidence that notice was actually mailed in accordance with statutory requirements.

[2]   Plaintiff appellant contends that the recitals contained in the Sheriff's deed to Lincoln K. Andrews supply the missing physical evidence of compliance with the statutory formalities of G.S. 105-392 (now G.S. 105-375). He cites *Jenkins v. Griffin*, 175 N.C. 184, 95 S.E. 166 (1918) and *Board of Education v. Gallop*, 227 N.C.

599, 44 S.E. 2d 44 (1947) in support of his contentions. *Jenkins* dealt with a private sale under a power of sale in a mortgage, and the due process considerations discussed above do not, therefore, come into play and the citation is not apposite. *Gallop* dealt with the sufficiency of a tax deed's recitals to validate a sale where the original execution had disappeared and a "second execution" without benefit of return of sheriff or issuance by the clerk was brought forward as evidence. The recitals in the deed were held to be *at best* secondary evidence of the proper execution. Similarly, the recitals in the various instruments contained as exhibits in the record before us are at best only secondary evidence of the mailing of the prescribed notice, and will not serve to supplant actual direct evidence of the purported mailing.

[3] If the burden of proof is upon plaintiff Lincoln K. Andrews to show the validity and compliance with the statute of the proceeding upon which he claims title (as is stated in *Ronkendorff v. Taylor's Lessee, supra,* quoted above), his case clearly must fail, as the evidence does not show by a preponderance that the notice was mailed, but only that it might have been so mailed.

Even if the plaintiff does not carry the burden of persuasion, a finding for the movants is proper. In the absence of any presumptions concerning official acts, plaintiff's evidence establishes facts from which the trier of fact could infer that the notice was mailed. On the other hand, movants' evidence, coupled with that evidence of the plaintiff which shows the present non-existence of the Sheriff's record of certified mailings and the absence in the records of the tax proceeding of any *returned* letter addressed to Frank Osteen, will support an inference that the letter was not mailed. Unlike the presumption, which is conclusive upon the trier of fact until rebutted by sufficient evidence, the inference will permit but does not compel the finding based upon it. 2 Stansbury N.C. Evidence (Brandis Rev.) § 215 (1973). "An inference is nothing more than a permissible deduction from the evidence, while a presumption is compulsory and cannot be disregarded by the jury." *Cogdell v. R.R.*, 132 N.C. 852, 44 S.E. 618 (1903). No objection to the competency of movants' evidence has been brought forward on appeal; therefore, any objection is deemed waived. The findings of fact by a trial court in a non-jury trial have the force and effect of a verdict by a jury and are conclusive on appeal if supported by competent evidence, even

though the evidence might sustain findings to the contrary. *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). The trial judge in the instant matter was faced with a choice of competing inferences, and he chose to believe the evidence supporting the movants' contentions. We will not now disturb his findings of fact or the order based thereon.

For the reasons stated above, plaintiff's assignments of error are overruled, and the order of Judge Smith is affirmed.

Affirmed.

Chief Judge BROCK concurs.

Judge ARNOLD dissents.